THE STATE, EX REL. HENDERSON ET AL., APPELLANTS, *v.*
SCHUELE, CHAIRMAN, ET AL., APPELLEES.

(No. 70-462—Decided March 3, 1971.)

Messrs. *Fedor & Fedor,* Mr. *George E Fedor,* for appellants.

Mr. *Paul W. Brown,* attorney general, and Mr. *Larry G. Brake,* for appellees.

*Per Curiam.* This case concerns the amount of pensions the relators are entitled to receive as beneficiaries of the state Police and Firemen's Disability and Pension Fund.

For many years, municipalities created and maintained pension funds for both policemen and firemen under the authority of statutes and ordinances. In 1947, statutes were enacted compelling the creation and maintenance of such funds by municipalities. These statutes provided a schedule of benefits, but provided that members of the funds could elect to receive benefits and pensions from the previously existing funds in accordance with rules and regulations of the local fund governing the granting of pensions and benefits therefrom in force on the first day of April 1947. (122 Ohio Laws 614, 618,

627.) The relators elected to remain under the rules in force on that date.

The General Assembly, in 1965, created the state Police and Firemen's Disability and Pension Fund. In R. C. 742.26, it provided that the assets and liabilities of the local funds be transferred to the state fund as of January 1, 1967. In R. C. 742.37, it provided that *existing beneficiaries* were to receive benefits from the state agency *in the same amount and subject to the same conditions as such payments were being made on the date of transfer.*

Relators contend that the city of Lakewood maintained such a fund prior to 1947, and as of that date such fund established retirement benefits at a rate of pension equal to eleven-sixteenths of the annual salary fixed from time to time for the rank held by such member at the time of his retirement.

Over a period of several years the city of Lakewood had provided by ordinance for payments in varying amounts from time to time to members of the police and fire departments for uniform allowances, hospitalization premiums and longevity pay.

In this action, relators, as former beneficiaries of the fire and police pension funds of the city of Lakewood, seek to compel respondents, as members of the board of trustees of the state Police and Firemen's Disability and Pension Fund, to include as salary, for the purpose of computing relators' pensions, the additional amounts paid to active members of the fire department and police department by the city as uniform allowances, hospitalization insurance premiums and longevity pay.

In enacting statutes relating to the state fund in 1965, the General Assembly specifically provided in R. C. 742.-37 for the amount of benefits to be paid to those persons who were then beneficiaries of local funds. It is from that section that relators' rights and respondents' corresponding duty must be determined. R. C. 742.37 reads, in part, as follows:

"The board of trustees of the Police and Firemen's

Disability and Pension Fund shall adopt rules and regula-
tions for the management of such funds and for the dis-
bursement of benefits and pensions as set forth in this
section.

"(A) Persons who were receiving benefit or pension
payments from a police relief and pension fund, establish-
ed under Section 741.32 of the Revised Code, or from a
firemen's relief and pension fund, established under Sec-
tion 521.02 or 741.02 of the Revised Code, at the time the
assets of such fund were transferred to the Police and
Firemen's Disability and Pension Fund, as provided by
Section 742.26 of the Revised Code, *shall receive benefit
and pension payments from the Police and Firemen's Dis-
ability and Pension Fund in the same amount and subject
to the same conditions as such payments were being made
from such fund on the date of such transfer.*" (Emphasis
added.)

Under the provisions of that section, relators' rights
are established by the rules and regulations for the manage-
ment of the local funds from which they were receiving
their pensions, as interpreted and administered by the local
boards at the date of the transfer of local funds to the state
fund.

The pertinent part of the regulation governing the
amount of relators' pensions at the date of transfer reads
as follows:

"Any active member who has served or shall have
served on the Lakewood Fire Department for a period of
twenty-five (25) consecutive years or longer shall, upon
his written application to the board of trustees and his
voluntary retirement from the department, be placed on
the rolls of the Firemen's Relief and Pension Fund at a
rate of pension equal to eleven-sixteenths (11/16) *of the
annual salary* fixed from time to time for the rank held by
such member at the time of his retirement. Said pension
shall become effective on the day following said member's
retirement from the fire department, and shall be paid to
him, annually, during his lifetime, in twelve (12) monthly
installments * * *." (Emphasis added.) Rules and regula-

tions of the trustees of the Police Fund governing police pensions contained similar provisions.

The controlling words in this regulation are *"salary for the rank held."*

It is relators' contention that salary includes payments for uniform allowances, hospitalization insurance premiums and longevity pay.

In the instant case, the local board, by regulation, provided that pensions should be based on salary, and the term "salary" was interpreted by the local board as not including payments made to active officers for uniform allowances, hospitalization insurance premiums and longevity pay.

The state board is a creature of statute. Its powers and its duties are established by statute. It can exercise no power or discretion not invested in it by statute. Consequently, it has only the duties imposed upon it by statute. The statute (R. C. 742.37) requires the board to follow the rules and regulations of the local fund, as interpreted by the local board, in relation to determining the amount of prior-granted pensions. It can do no more and no less.

In the instant case, the local board did not consider the payments in issue here, all of which were authorized by ordinances subsequent to 1947, as a part of the salary for the rank held in determining the amount of pension to which a beneficiary was entitled. The state board, under the statute, is bound by that interpretation and has no power or duty to vary therefrom.

Mandamus lies only where there is a clear legal duty on the respondent. There is no such duty in the instant case.

The judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Krenzler and Leach, JJ., concur.

Schneider and Duncan, JJ., dissent.

Krenzler, J., of the Eighth Appellate District, sitting for Stern, J.

SCHNEIDER, J. dissenting. As I interpret the court's opinion, there is an implication that had appellants sought legal redress from the refusal in November 1966 of the local boards of trustees of the fire and police pension funds to grant their request for additional retirement benefits based on the same factors which they assert in this case, the appellants may have succeeded.

But, further interpreting the court's opinion, the appellants are foreclosed by the language of R. C. 742.37(A) which the court construes as locking the pension formula used by the local boards, with respect to what was considered "salary," into the rules and procedures of the state board.

I think the construction of the language is far too strict. Indeed, a strict construction should logically lead to the conclusion that the appellants' benefits from the state fund may not be increased over the years as the salaries of the respective positions from which they retired are increased, for the reason that the statute says that they shall receive benefits from the state fund *"in the same amount* . . . as such payments were being made from such [local] fund" on the date of the transfer of the local fund to the state fund.

Yet, the fact that pensions may be increased as the salaries for such positions are increased is not disputed here.

I am of the view that the purpose of the language of R. C. 742.37 was to incorporate the general retirement formula of each local fund into the state system. Thus, a retired Lakewood policeman or fireman is entitled to a pension equal to eleven-sixteenths of the salary paid from time to time for the rank or position held by such person at his retirement. On the other hand, a retiree of another fund will, under the statute, receive a pension based upon the rule adopted by his local fund.

The local Lakewood boards never defined the term "salary" by rule. If these boards were unreasonable in refusing the appellants' request, it does not follow that the state board should be equally unreasonable nor does the

statute require that the unreasonableness of the former local boards should excuse the unreasonableness of the state board.

In my view, the fringe benefits involved in this case are as much a part of the salary of each position or rank as a so-called "flat" or equal increase in monetary payments would be.

To hold otherwise is to perpetuate a subterfuge whereby compensation to active employees may be increased without increasing pension benefits and, most important from the employers' viewpoint, without increasing the employers' share of contributions to the retirement fund. In fact, the question is so close that the city of Lakewood considered the longevity payments as salary on five out of eleven occasions and consequently made deductions for the employee's share and remitted employer contributions to the respective pension funds on the basis that such payments were salary.

I would grant the writ.

DUNCAN, J., concurs in the foregoing dissenting opinion.