C.M. SULLIVAN, Secretary, Department of Employe Trust Funds
You request my opinion on several questions relating to provisions of the Wisconsin Statutes which authorize employers of teachers to pay all or part of the teachers' required deposits to the applicable retirement fund. *Page 222 
Section 42.40 (8) and (9), Stats., relating to the State Teachers Retirement System, and sec. 42.80 (9), Stats., relating to the Milwaukee Teachers Retirement Fund, read in material part:
"42.40 (8) (a) Effective for compensation received after June 30, 1967, the state shall deposit, in lieu of an equal amount of the deposits required from each member under this section for teaching service in the classified service of the state, an amount equal to 2% of the compensation received for such teaching service. The amount to be deposited by the state under this subsection shall be increased on July 1, 1969, to 2-1/2%, on January 1, 1970, to 3% and on July 1, 1970, to 4% of the compensation received. Such deposit by the state shall be credited to the account of each such member and shall be available for all retirement system benefit purposes to the same extent as normal deposits which are deducted from the earnings of such member. * * *
"(b) Effective for compensation earned on and after November 5, 1971, the state shall deposit, in lieu of an equal amount of the deposits required from each member under any other paragraph of this section for teaching service in the unclassified service of the state, an amount equal to 4% of the compensation received. Such deposit by the state shall be credited to the account of each member in the state unclassified service and shall be available for all retirement fund benefit purposes to the same extent as normal deposits which are deducted from the earnings of each member.
"(9) Notwithstanding those provisions of s. 42.41 relating to the deduction and withholding from the compensation paid as a teacher of deposits required under this section, any employer may make all or any part of such deposits in behalf and for the benefit of any teacher. Such payments by the employer shall be available for retirement system benefit purposes to the same extent as required deposits which were deducted from the compensation of such member. This subsection shall not be construed as creating any contract between the employer and any member of the system or as granting any contractual right in any form to any member."
"42.80 (9) Notwithstanding any other provision of this subchapter, the board of school directors in any such city may pay all or any part of the salary reservations required under this section. Such payments by the board of school directors shall be available *Page 223 
for all retirement fund purposes to the same extent as amounts which were reserved from the salary of the member. This paragraph shall not be construed as creating any contract between the board of school directors and any member of the fund or as granting any contractual right in any form to any member."
Your first question "whether such amounts paid by an employer can or should be included for purposes of determining a teacher's `final average compensation.'" "Final average compensation" is defined by sec. 42.20 (26) (a), Stats., for the State Teachers Retirement System and sec. 42.70 (2) (t), Stats., for the Milwaukee Teachers Retirement Fund in the following words:
"42.20 (26) * * *
"(a) `Final average compensation' means the monthly rate of compensation obtained by dividing 1) the member's totalcompensation subject to required deposits for the 5 fiscal years in which such compensation was the highest during the fiscal years preceding the June 30 nearest the date he ceased to be employed as a teacher in Wisconsin teaching by 2) 12 times the number of years of his creditable service for such 5 years. * * *" (Emphasis supplied)
"42.70 (2) * * *
"(t) `Final average compensation' means the monthly rate of compensation obtained by dividing 1) the member's totalcompensation subject to required deposits (including any compensation which would have been subject to required deposits if not exempted pursuant to s. 42.84 (4)) for the 5 fiscal years in which such compensation was the highest during the fiscal years preceding the June 30 nearest the date of termination of his membership teaching by 2) 12 times the number of years of his creditable service for such 5 years. * * *" (Emphasis supplied)
The answer to this question is dependent upon the definition of the term "total compensation subject to required deposits." Sections 42.40 (1), (2) and (6), and 42.80 (6) (a) and (7) (a), Stats., specifically require that deposits be made on "all compensation received for teaching service." "Compensation" as used in these sections is synonymous with "salary." This is apparent from sec. 42.41, Stats., which reads: *Page 224 
"42.41 . . . (1) Every employer shall deduct and withhold from the compensation as a teacher paid by such employer to each teacher on each payroll for each payroll period such per cent of the compensation of each teacher, as such teacher is required to deposit under s. 42.40. * * *
"(2) Whenever deductions are made from compensation on any payroll the employer shall immediately send to the board a copy of such payroll in such form as approved by such board with a remittance payable to the order of the state treasurer for all deductions from the compensation of teachers on such payroll. * * *"
Section 42.80, Stats., specifies, concerning the Milwaukee Fund, that required deductions are "reserved from the salaries of such members." I am aware of no legislative intent to treat the two systems differently in the respect of the basis for deductions.
The terms "compensation" and "salary" have been interpreted to be synonymous by our Supreme Court, most recently in State exrel. Manitowoc v. Police Pension Board (1973), 56 Wis.2d 602,610, 611, 203 N.W.2d 74. In this case, involving the police pension fund of Manitowoc established under sec. 62.13, Stats., the question was whether the term "monthly compensation" included employer contributions to the pension fund and health and life insurance. The court held at page 613 that monthly compensation, as used in sec. 62.13, Stats., meant monthly salary, in these words:
"We are convinced that at the time the legislature provided for a pension equal to one half of the officer's monthly compensation, the legislature intended it to mean his monthly salary.
"If, in view of modern day employment inducements, fringe benefits such as insurance premiums, pension fund contributions and perhaps others are to be included in the formula for calculating pension benefits for police and firemen, the legislature, as a matter of desirable public policy, can so provide. The court cannot."
It is, therefore, my opinion that teachers' required deposits paid by the employer on behalf of the teachers are not to be used to determine the "final average compensation" under sec. 42.20 (26) (a) or 42.70 (2) (t), Stats. Under sec. 42.43, Stats., the employer is responsible for payment of required deposits to the board regardless *Page 225 
of whether they are or are not deducted from the teachers' compensation. See 19 OAG 131, 132. It appears, therefore, that even if the teachers' required contribution is made by the employer, the employer is only accountable to the Fund for deduction under sec. 42.41, Stats., based upon the teachers' compensation were the deduction to come out of his normal compensation. This interpretation is consistent with statutes specifically authorizing payments in lieu of required deposits. Section 42.40 (8), Stats., applying to classified teachers employed by the state provides for a state deposit in lieu of
required deposits but does not increase the compensation received for determining the amount of the required deposit. Section 41.07 (2) (c), Stats., which applies to public employes other than teachers and state employes, provides for payment of required contributions and specifies that such payment by the municipality "shall be treated as though contributed by participating employes." Section 41.07 (2) (d), Stats., provides for a state deposit in lieu of required deposits but does not increase the earnings base upon which the deposit is based. I find no legislative intent to include in "final average compensation," employers' payments in lieu of required contributions.
Your next question is:
"Does the State Teachers Retirement Board or the Milwaukee Teachers Retirement Board have the legal authority to decide administratively that the employer-paid portion of the required employe contribution be subjected to retirement fund contributions so that the employer-paid portion may qualify for final average salary computations?"
Administrative agencies have only those powers given by the statutes. In American Brass Co. v. State Board of Health (1944),245 Wis. 440, 448, 15 N.W.2d 27, the court said that:
"* * * No proposition of law is better established than that administrative agencies have only such powers as are expressly granted to them or necessarily implied and any power sought to be exercised must be found within the four corners of the statute under which the agency proceeds." (At page 448.)
Section 227.014 (2) (a), Stats., provides specific rulemaking authority as follows: *Page 226 
"(a) Each agency is authorized to adopt such rules interpreting the provisions of statutes enforced or administered by it as it considers to be necessary to effectuate the purpose of the statutes, but such rules are not valid if they exceed the boundsof correct interpretation." (Emphasis supplied)
The various statutes discussed above specify that "total compensation" is subject to required deposits. Sections 42.40 (1) (2) and (6), and 42.80 (6) (a) and (7) (a), Stats. I find no legislative intent to support a rule that "total compensation" includes employer deposits made in lieu of required teacher deposits. It is, therefore, my opinion that the interpretation of the various statutes under your prior question precludes passage of a valid rule administratively deciding that the employer-paid portion is subject to retirement fund contributions.
Your last question is:
"Does an individual employe have the legal right to request that the employer-paid portion of the required employe contribution be subjected to retirement fund contributions so that the employer-paid portion may qualify for final average salary computations?"
The statutes previously discussed do not provide for any employe option of this type; consequently, there is no authority for such a request by the employe.
RWW:WMS