THOMPSON *v.* BOARD OF TRUSTEES OF THE POLICE AND FIREMAN'S [FIREMEN'S] DISABILITY AND PENSION FUND OF OHIO.

(No. 83AP-675—Decided February 16, 1984.)

*Clayman & Jaffy Co., L.P.A.,* and *Mr. Walter Kaufmann,* for relator.

*Mr. Anthony J. Celebrezze, Jr.,* attorney general, and *Ms. Toba Jeanne Feldman,* for respondent.

NORRIS, J. According to the stipulated facts, relator, Theodore Thompson, retired on a disability pension from the Middletown Police Department in May 1959, and received from the Middletown Police Relief and Pension Fund a partial disability benefit equal to fifty percent of his salary. On January 1, 1967, pursuant to R.C. 742.26 and 742.29, the Middletown fund transferred its assets and liabilities to the Police and Firemen's Disability and Pension Fund. In November 1975,

relator made the first of several requests of respondent, the Board of Trustees of the Police and Firemen's Disability and Pension Fund, to pay him permanent total disability benefits, as the result of his condition having deteriorated. Respondent denied all the requests.

Respondent's position is that the General Assembly, in providing for the transfer of police and fire pension responsibilities to it from the local police and fire pension funds, intended that benefits respondent was required to pay to members who were receiving benefits from the local funds at the time of the transfers would be frozen at the level fixed by the local fund. In support of its position, respondent points to the language of R.C. 742.37(A):

"Persons who were receiving benefit or pension payments from a police relief and pension fund * * * at the time the assets of such fund were transferred to the police and firemen's disability and pension fund * * * shall receive benefit and pension payments from the police and firemen's disability and pension fund in the same amount and subject to the same conditions as such payments were being made from such fund on the date of such transfer."

Respondent also contends that its position is supported by this court's opinion in State, ex rel. Henderson, v. Schuele (May 5, 1970), Franklin App. No. 8855, unreported, and the Supreme Court's opinion in that same case on appeal in State, ex rel. Henderson, v. Schuele (1971), 25 Ohio St. 2d 179 [54 O.O.2d 293]. Respondent misinterprets the holdings of those opinions. In that litigation, relators were receiving pension benefits from a local fund at the time its assets and liabilities were transferred to respondent. Claiming that active members of their fire and police departments received uniform allowances, hospitalization premiums and longevity pay from the city, relators sought to compel respondent to include those benefits as "salary" for purposes of computing their pension benefits. We noted that the local fund had denied the same request only months before the transfer. Both courts concluded that relators' right to relief depended upon whether they would have had a right to receive the benefits claimed from the local fund according to the local fund's rules and regulations in effect at the date of the transfer. The Supreme Court, in affirming our denial of the writ of mandamus, concluded that relators were not entitled to the benefits under the rules of the local fund.

Accordingly, we must inquire whether, at the time of the local fund's transfer to respondent on January 1, 1967, the rules and regulations of the Middletown fund provided for increasing partial disability benefits received by a member of the fund to total disability benefits where the member's condition deteriorated to total disability. The parties have stipulated that rules and regulations adopted by the local fund in the summer of 1958 included these provisions:

"(a.) A member of the fund who is permanently and totally disabled as a result of the performance of his official duties as a member of the division, shall be paid annual disability benefits * * * in an amount equal to sixty-six per cent of his annual salary for the last year he was in the active service of the division.

"* * *

"(c.) A member of the fund who is partially disabled as a result of the performance of his official duties as a member of the Division of Police and such disability prevents him from performing those duties and impairs his earning capacity, shall be paid monthly disability benefits in an amount to be fixed by the Board. The Board may increase or decrease such monthly benefits whenever the impairment in the member's earning capacity warrants an

increase or decrease, but in no event shall a monthly benefit paid to such member exceed fifty per cent of his average monthly salary * * *."

In considering the language of R.C. 742.37(C)(2) and (3), which is nearly verbatim with the language quoted above, our Supreme Court concluded that respondent is required to pay permanent and total disability benefits to a member who is receiving partial disability benefits from respondent, and whose condition has deteriorated to the point that he is permanently and totally disabled. *State, ex rel. Manders,* v. *Bd. of Trustees of the Police & Firemen's Disability & Pension Fund* (1981), 68 Ohio St. 2d 79 [22 O.O.3d 275]. It is apparent, then, that the Middletown fund had the same responsibility under its rules and regulations.

Because relator's rights are established by those rules and regulations, respondent has a clear legal duty to consider relator's application. Accordingly, a writ is granted, ordering respondent to accept and evaluate relator's application for permanent and total disability benefits.

*Writ allowed.*

McCORMAC, P.J., and BROGAN, J., concur.

BROGAN, J., of the Second Appellate District, sitting by assignment in the Tenth Appellate District.