SAVANNAH R–III SCHOOL DISTRICT, Sweet Springs R–VII School District, Cameron R–I School District, Plattsburg R–III School District, and Missouri Public School Districts, Appellants,

v.

PUBLIC SCHOOL RETIREMENT SYSTEM OF MISSOURI, Missouri–National Education Association, Missouri Association of School Business Officials, Missouri Association of School Administrators, Missouri Association of Elementary School Principals, Missouri State Teachers Association, Retired Teachers Association of Missouri, and Cooperating School Districts of St. Louis Suburban Area, Inc., Respondents.

No. WD 50584.

Missouri Court of Appeals,
Western District.

Oct. 24, 1995.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Dec. 5, 1995.

Application to Transfer Denied
Jan. 23, 1996.

Craig S. Johnson, Victor S. Scott, Jefferson City, for appellants.

Jeremiah W. (Jay) Nixon, Atty. Gen., Gary L. Gardner, Asst. Atty. Gen., Robert L. Hawkins, Jefferson City, for respondent Public School Retirement System.

Christopher T. Hexter, St. Louis, for respondent Missouri–National Ed. Assn.

J. Kent Lowry, Jefferson City, for other respondents.

Before SPINDEN, P.J., and
BRECKENRIDGE and SMART, JJ.

PER CURIAM.

This dispute concerns whether any fringe benefits should be included in the "salary rate" of members of the Public School Retirement System when it calculates their retirement benefits. PSRS wants to include the value of what its members' employers pay for health insurance or annuities in lieu of health insurance, but not other fringe benefits. The school districts contend that an employee's salary rate should not include any fringe benefits. We agree with the school districts.

PSRS administers the retirement fund for Missouri's public school teachers. The General Assembly established the retirement system in §§ 169.010 to 169.140.[1] Members include public school teachers, teacher-certified employees of several state colleges and universities, and employees of the Department of Elementary and Secondary Education. The only public school districts not included in the PSRS are those districts whose population exceeds 400,000 and those included in other similar systems established by law. Approximately 58,000 active members of the PSRS are public school district employees.

The PSRS' board of trustees administers the retirement system and enforces §§ 169.010 to 169.140. PSRS obtains its operating funds from its members' contributions. Each PSRS member must contribute a percentage of his or her salary to the retirement system, and the districts collect the contributions for PSRS through paycheck deductions. Section 169.030.4 obligates the school districts to match the employees' contributions based on the contribution rate established by the PSRS board of trustees.

Beginning with the 1970–71 school year, PSRS decided that the districts should include in employees' salary rate the value of health insurance premiums or annuities purchased in lieu of health insurance. PSRS did

---

1. All statutory references are to the Missouri Revised Statutes of 1994.

not apply this policy to employees of the Department of Elementary and Secondary Education or of those state colleges participating in PSRS.

Some school districts refused to heed the policy, so PSRS sued them in Benton County circuit court. In 1986, the circuit court dismissed PSRS' lawsuit on the ground that PSRS had not followed mandatory procedures in promulgating its policy. To correct this, PSRS promulgated a regulation, 16 CSR 10–3.010(8),[2] in December 1987.

Seven school districts again sued PSRS to challenge the regulation. The school districts, PSRS, and intervenors moved for summary judgment. In December 1994, the circuit court granted summary judgment for PSRS after concluding that PSRS' interpretation of "salary" was not clearly erroneous and that health insurance premiums and annuities purchased in lieu of health insurance were a form of "salary." The school districts appeal.

■ The school districts contend that the circuit court's summary judgment for PSRS was wrong as a matter of law because "salary rate," as used in § 169.030.3, does not include fringe benefits. We agree.

Section 169.030.3 says, "The total amount deducted from the paychecks of members during any school year shall equal such a percent[age] of their salary rates as may be required by the contribution rate then in effect." PSRS reasons that salary is synonymous to compensation in that it includes not only direct pay to an employee, but fringe benefits; therefore, "salary rate" includes health insurance benefits.

■ Generally, "[t]he interpretation and construction of a statute by an agency charged with its administration is entitled to great weight." *Four Rivers v. Director of*

*Revenue,* 860 S.W.2d 2, 4 (Mo.App.1993). Nonetheless, in reviewing an agency's interpretation, the courts must be vigilant in determining that the agency has not exceeded the authority delegated to it by the General Assembly and must not, in the name of deference, accede to an agency's arbitrary action.

When the General Assembly first enacted § 169.030.3 in 1945, the statute did not refer to "salary rate" but only to "salary."[3] 1945 Mo.Laws 1360. The statute retained the reference to salary, instead of salary rate, until 1953 when the General Assembly changed "salary" to "salary rate." 1953 Mo.Laws 483. Obviously, the General Assembly intended some change in the way the statute was interpreted; otherwise, it would not have amended it. Indeed, we conclude that "salary rate" has a more specific meaning than the more general "salary."

"Salary rate," ordinarily refers to base salary, and the General Assembly apparently thought in precisely those terms when it defined "salary" in § 163.172.4 as "the salary figure which appears on the teacher's contract and as determined by the local school district's *basic salary* schedule and does not include supplements for extra duties."[4] Fringe benefits, such as health insurance, are "[s]lide, non-wage benefits which accompany or are in addition to a person's employment such as paid insurance, recreational facilities, sick leave, profit-sharing plans, paid holidays and vacations, etc. Such benefits are in addition to regular salary or wages[.]" Black's Law Dictionary 667–68 (6th ed. 1990). Hence, fringe benefits are not properly included in the term "salary rate."

This is the general understanding of the courts. This precise issue appears to be a matter of first impression for Missouri appel-

---

2. The regulation said, "Any health insurance premium, or any payment to purchase an annuity in lieu of health insurance, paid by the board of education of any public school district included within the retirement system on behalf of a member of the system shall be considered a part of the member's salary rate for retirement contribution and benefit calculation purposes. Contributions on any such insurance premium or payment shall be withheld from the member's compensation and remitted to the retirement

system along with matching employer contributions."

3. The key sentence said, "The total amount deducted from the pay checks of a member during any school year shall equal such a per cent of his salary as may be required by the contribution rate then in effect."

4. We added the emphasis.

late courts, but courts of sister jurisdictions, in referring to "salary rate," obviously have thought of fringe benefits as distinct from salary. *See, e.g., Reed v. Cleveland Board of Education,* 581 F.2d 570, 572 (6th Cir.1978); and *Chichester School District v. Commonwealth Unemployment Compensation Board of Review,* 53 Pa.Cmwlth. 74, 415 A.2d 997, 999 n. 1 (1980).

Other courts have held, more generally, that "salary" does not include fringe benefits. *See City of Fort Wayne v. Ramsey,* 578 N.E.2d 725, 728 (Ind.App.1991); *Garian v. City of Highland Park,* 176 Mich.App. 379, 439 N.W.2d 368, 369–70 (1989); *Frazier v. City of Richmond,* 184 Cal.App.3d 1491, 228 Cal.Rptr. 376, 379 (1986); *Jahn v. City of Woodstock,* 99 Ill.App.3d 206, 54 Ill.Dec. 625, 628, 425 N.E.2d 490, 492–93 (1981); *Hilligoss v. LaDow,* 174 Ind.App. 520, 368 N.E.2d 1365, 1369 (1977); *State ex rel. City of Manitowoc v. Police Pension Board,* 56 Wis.2d 602, 203 N.W.2d 74, 79 (1973); and *State ex rel. Henderson v. Schuele,* 25 Ohio St.2d 179, 267 N.E.2d 590, 592 (1971).

Not only is PSRS' inclusion of health insurance in salary rate incongruent with the typical interpretation of "salary rate," PSRS' including only health insurance to the exclusion of all other fringe benefits was arbitrary. PSRS' regulation provides that health insurance is the only fringe benefit to be included in the school districts' calculation of salary rates. PSRS has not articulated a rational basis for this unique treatment of health insurance.

Because PSRS' policy is arbitrary, we do not feel obligated to grant PSRS any deference in its interpretation of § 169.030. Instead, we turn to a much less strained interpretation. "Salary rates," as used in § 169.030, does not include health insurance or any other fringe benefit. It refers to members' base salaries: the amount of pay they receive for a set period for services rendered to the exclusion of fringe benefits. In accord with § 1.090, this construction accords the term its plain and ordinary meaning.

For these reasons, we conclude that "salary rates," as used in § 169.030.3, does not include the value of health insurance premiums and annuities purchased in lieu of health insurance for purposes of calculating retirement contributions and that PSRS' interpretation of that statute in 16 CSR 10–3.010(8) is not only contrary to the statute's plain and ordinary meaning but arbitrary. We conclude, therefore, that the circuit court erred in granting summary judgment for PSRS. We reverse the circuit court's judgment and remand the case to the court for further proceedings.