Ronald D. Cramer and Larry C. Lokken,
Petitioners-Respondents,

v.

Eau Claire County, Respondent-Appellant.

Court of Appeals

*No. 2012AP1796. Submitted on briefs February 26, 2013. —Decided April 16, 2013.*

2013 WI App 67

(Also reported in 833 N.W.2d 172.)

154

■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■
■■■■■■■■■■■■■■■■

On behalf of the respondent-appellant, the cause was submitted on the briefs of *Anna M. Pepelnjak* and *Ryan M. Billings* of *Weiss Berzowski Brady LLP*, Milwaukee.

On behalf of the petitioners-respondents, the cause was submitted on the brief of *Harry R. Hertel* of *Hertel Law, S.C.*, Eau Claire.

Before Hoover, P.J., Mangerson, J., and Thomas Cane, Reserve Judge.

¶ 1. HOOVER, P.J. Eau Claire County appeals a judgment that awarded damages to Eau Claire County Sheriff Ronald Cramer and Eau Claire County Treasurer Larry Lokken to reimburse them for disputed contributions to their retirement accounts and health insurance premiums, and that prohibited the County from requiring further such contributions during their respective current terms of office. The County argues that WIS. STAT. § 59.22(1)(a)1., which prohibits counties from altering elected officials' compensation during a term of office, did not bar the County from requiring increased contributions to fringe benefits.[1] We conclude § 59.22(1)(a) does not contemplate fringe benefits, and therefore reverse and direct the circuit court to enter judgment in the County's favor.

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

## BACKGROUND

¶ 2. This case flows, in part, from changes the County enacted in response to state legislation requiring local government employees to pay the employee share of contributions to their Wisconsin Retirement System accounts. Cramer and Lokken (collectively, Cramer) objected to the County's deduction of contributions for their retirement accounts, as well as increased contributions for health insurance premiums.

¶ 3. Cramer ultimately sued, alleging the County was violating Wis. Stat. § 59.22(1)(a)1. by altering his paycheck deductions for fringe benefits during his term of office. Following a hearing on competing motions for summary judgment, the circuit court agreed that the County violated the statute. The County now appeals.

## DISCUSSION

¶ 4. The parties dispute whether Wis. Stat. § 59.22(1)(a)1. permits the County to alter elected officials' fringe benefits during their terms of office. Interpretation and application of a statute to undisputed facts presents a question of law subject to de novo review. *McNeil v. Hansen*, 2007 WI 56, ¶ 7, 300 Wis. 2d 358, 731 N.W.2d 273. Statutory interpretation begins with the language of the statute. *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110. Statutory language is given its common, ordinary, and accepted meaning, except that technical or specially-defined words or phrases are given their technical or special definitional meaning. *Id.* Statutes must be interpreted in context, and reasonably, to avoid absurd results. *Id.*, ¶ 46.

Further, a court must seek to avoid surplusage by giving effect to every word in the statute. *Id.* Where statutory language is unambiguous, there is no need to consult extrinsic sources of interpretation, such as legislative history. *Id.*

¶ 5. As relevant, WIS. STAT. § 59.22(1)(a)1. provides:

> The [county] board shall, before the earliest time for filing nomination papers for any elective office to be voted on in the county . . ., which officer is paid in whole or part from the county treasury, establish the total annual compensation for services to be paid to the officer exclusive of reimbursements for expenses out-of-pocket provided for in sub. (3).
>
> Except as provided in subd. 2., the annual compensation may be established by resolution or ordinance, on a basis of straight salary, fees, or part salary and part fees, and if the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, including per diem and other forms of compensation for services rendered, except those specifically reserved to the officer in the resolution or ordinance.
>
> The compensation established shall not be increased nor diminished during the officer's term and shall remain for ensuing terms unless changed by the board.
> . . . .

(Spacing modified).[2]

█

¶ 6. Cramer's overarching position is that the term "compensation" in the statute must be construed to include fringe benefits. He first argues this construc-

---

[2] WISCONSIN STAT. § 59.22(1)(a)1. consists of a single paragraph. For ease of review, we have separated the three sentences quoted.

tion is required by the use of the term "total" annual compensation in the first sentence. Contrary to Cramer's argument, however, the term "total" is not rendered surplusage by excluding fringe benefits from the meaning of compensation. Rather, "total" can still be given effect by construing it to include both salary and fees. As the second sentence of the statute explains, compensation can be comprised of salary, fees, or combination thereof. Additionally, "total" can be given further effect by construing it to include payments sourced from both the county treasury and other sources, such as the state treasury. This second construction is especially compelling because the term "total" follows closely after the "in whole or in part" source-of-payment language.

■

¶ 7. Cramer next argues that compensation cannot mean only a straight salary, to the exclusion of fringe benefits, because then compensation and salary would have the same meaning. We reject this argument for two reasons. First, there is no absolute rule against construing two different terms within a statute to have the same meaning. *See Anderson v. Hebert*, 2013 WI App 54, ¶¶ 16–17, 21, 347 Wis. 2d 321, 830 N.W.2d 704. Second, compensation and salary may have a different meaning in Wis. Stat. § 59.22(1)(a)1., depending on the facts to which the statute is applied. Compensation has a broader meaning than salary because it may be comprised of salary, fees, or both.

¶ 8. Cramer alternatively argues that, even if compensation means only salary, the increased fringe benefits contributions do, in fact, diminish his take-home salary. We reject this interpretation, which conflates salary with take-home pay. Clearly, a county board cannot set a precise take-home pay for elected

officials at any time, much less in advance of knowing who will be elected to the position. Various deductions are beyond the County's control, some of which are entirely dependent on the elected official's personal situation, including for example, family size, voluntary retirement contributions, and state and federal tax withholding choices. The plain meaning of salary is fixed compensation for a set duration of time, not take-home pay. *See* WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 2003 (unabr. 1993); *State v. Mattes*, 175 Wis. 2d 572, 578, 499 N.W.2d 711 (Ct. App. 1993) (common and approved meaning of words may be ascertained by reference to a recognized dictionary).

¶ 9. While Cramer does not provide any dictionary definitions supporting his interpretation of salary, he contends that a separate, albeit related, statute in another chapter supports his interpretation. The statute precipitating the County's ordinance requiring Cramer to contribute to his retirement account provides:

> [A]n employer may not pay, on behalf of a participating employee, any of the contributions required by par. (a). The contributions required by par. (a) shall be made *by a reduction in salary* and, for tax purposes, shall be considered employer contributions under section 414(h)(2) of the Internal Revenue Code. A participating employee may not elect to have contributions required by par. (a) paid directly to the employee or make a cash or deferred election with respect to the contributions.

WISCONSIN STAT. § 40.05(1)(b)1. (as modified by 2011 Act 10, § 74; 2011 Act 32, § 1145n.) (emphasis added). This statute does lend some support to Cramer's interpretation. However, the term "salary" need not have the same meaning in both statutes. Further, it appears from the text and context of WIS. STAT. § 40.05 that "salary" was

intended to have a special meaning there, for both tax and budget policy purposes. Section 40.05 was amended as part of a controversial budget repair bill intended to reduce costs for the state and local governments. Moreover, if the legislature had intended to alter the ordinary meaning of salary in WIS. STAT. § 59.22 as part of the budget repair bill, it would have done so by expressly amending that statute. We further observe that the meaning of salary in § 40.05(1)(b)1., if imposed on § 59.22, would apply only to Cramer's retirement contributions, not his increased health insurance premium contributions or any other fringe benefits. Thus, "salary" in § 59.22 would have different meanings depending on the precise benefit at issue. It would be unreasonable to construe the statute in such a manner.

¶ 10. Finally, Cramer argues his "benefits were specifically reserved pursuant to WIS. STAT. § 59.22." This argument is so minimally developed that we could reject it on that basis alone. *See State v. Flynn*, 190 Wis. 2d 31, 39 n.2, 527 N.W.2d 343 (Ct. App. 1994). However, while disagreeing with Cramer's ultimate conclusions, the County essentially agrees with Cramer's underlying premise, and more fully develops it. Accordingly, the County asserts that " 'compensation' under WIS. STAT. § 59.22 means 'salary' plus 'specifically reserved' other forms of compensation."

¶ 11. Nonetheless, "we are not bound by the parties' interpretation of the law or obligated to accept a party's concession of law. This court, not the parties, decides questions of law." *State v. Carter*, 2010 WI 77, ¶ 50, 327 Wis. 2d 1, 785 N.W.2d 516 (citing *Bergmann v. McCaughtry*, 211 Wis. 2d 1, 7, 564 N.W.2d 712 (1997)). The parties' interpretation here ignores the statute's plain language.

¶ 12. The first portion of WIS. STAT. § 59.22(1)(a)1.'s second sentence provides that compensation may be comprised of straight salary, fees, or a combination thereof. The second portion of that sentence then states:

> [I]f the compensation established is a salary, or part salary and part fees, it shall be in lieu of all fees, *including* per diem and other forms of compensation for services rendered, except those specifically reserved to the officer in the resolution or ordinance.

*Id.* (emphasis added). The legislature's use of the term "including" makes clear that "per diem and other forms of compensation for services rendered" are examples of, and included within the category of, fees. Further, when that entire inclusive phrase (between the commas, and starting with "including") is omitted, it is apparent that the phrase "except those specifically reserved" refers back to "fees." Thus, taken as a whole, the second sentence provides that, unless an official's compensation is comprised *entirely* of fees, he or she shall not retain any fees, unless the county board has specifically reserved those fees to the official in the resolution or ordinance.

¶ 13. Consequently, Cramer cannot assert that any fringe benefits are protected under WIS. STAT. § 59.22(1)(a)1. unless the benefits fall within the category of "fees." Neither party asserts that fees could reasonably be construed to include fringe benefits. Nor do we believe such an interpretation would be reasonable.

¶ 14. Moreover, Cramer concedes that here his "salary is in lieu of . . . [all] commissions or fees." That concession is mandated by two sources. First, the second sentence of WIS. STAT. § 59.22(1)(a)1. states that it is subject to the provisions of subd. (1)(a)2. Subdivision (1)(a)2. provides, in part: "The board shall estab-

lish the annual compensation of the sheriff as straight salary. No portion of that salary may include or be based on retention of fees by the sheriff."[3] Hence, because "compensation" under WIS. STAT. § 59.22(1)(a)1. contemplates only salary and fees, and we have already determined that "salary" does not include fringe benefits, no sheriff may assert that his or her fringe benefits are protected by that statute.[4]

¶ 15. The County's code of ordinances similarly precludes any argument that the board reserved any fees to Cramer. That code provides: "The salaries of all elected officers shall be in lieu of all fees, including all per diem and other forms of compensation for services rendered. All fees collected by such officers shall be remitted to the county treasurer . . . ." EAU CLAIRE COUNTY CODE OF ORDINANCES § 3.20.001 B. We therefore reject Cramer's argument that simply because the code of ordinances provides that elected officials shall receive certain fringe benefits, those benefits are "specifically reserved" compensation within the meaning of WIS. STAT. § 59.22(1)(a)1.

¶ 16. In addition to our preceding analyses, we observe that our interpretation is bolstered by subd. (1)(a)1.'s references to "total annual compensation for *services*" and "compensation for *services rendered*." (Emphasis added.) We are required to give meaning to this italicized language if possible when construing the stat-

---

[3] WISCONSIN STAT. §§ 59.32, 59.33, and 814.70 provide examples of fees that traditionally might have been retained by sheriffs. Fees are still allowed as compensation for undersheriffs and deputy sheriffs in those counties where compensation has not "been changed from the fee to the salary system." *See* WIS. STAT. § 59.33(1)-(2).

[4] While our references to sheriff Cramer in this decision are generally inclusive of treasurer Lokken, the analysis in this paragraph clearly does not apply to Lokken.

ute. *See Kalal*, 271 Wis. 2d 633, ¶ 46. It would be reasonable to interpret this language as excluding fringe benefits from compensation, as benefits are generally not viewed as direct compensation in exchange for an individual's specific services, but as an incident of employment common to all employees within an organization.

¶ 17. Finally, our interpretation appears consistent with the historical development of the statute. The County has provided a ten-page research document prepared in 1945 by then Dane County District Attorney Norris Maloney. The document, obtained from the Wisconsin Legislative Reference Bureau, discusses the history of WIS. STAT. § 59.22's predecessor statute, WIS. STAT. § 59.19 (1943), and the purported intent of the bill introduced to revise it. *See* 1945 Wis. Laws, ch. 559, § 1. The revised 1945 version is largely consistent with the current version.[5]

¶ 18. According to Maloney, the statutory revision was generally intended not to alter the statute's meaning, but to improve clarity and organization because numerous amendments had left it "all jumbled up."[6] After revision, the statute's title remained similar, transitioning from "Compensation; fees; salaries; changes" to "Compensation, fees, salaries and traveling expenses . . . ." The prior version, first adopted in 1867,[7] stated in part:

---

[5] However, the WIS. STAT. § 59.22(1)(a)2. limitation regarding sheriff's salaries was added sometime later.

[6] The impetus of Maloney's research document is unclear. We do not know whether he assisted in drafting the proposed legislation, was providing an analysis for the benefit of legislators, or otherwise. In any event, it is part of the drafting record.

[7] *See Feavel v. City of Appleton*, 234 Wis. 483, 488, 291 N.W. 830 (1940) (citing 1867 Wis. Laws, ch. 75).

(1) The county board at its annual meeting shall fix the annual *salary* for each county officer . . . to be elected during the ensuing year and who will be entitled to receive a salary payable out of the county treasury. The *salary* so fixed shall not be increased or diminished during the officer's term, and shall be in lieu of all fees, per diem and compensation for services rendered, except the following additions:

(a) Compensation to the sheriff for keeping and maintaining prisoners in the county jail;

(b) Reimbursement to the sheriff [in Milwaukee County] for expenses . . . incurred in the performance of his official duties;

(c) Reimbursement to the district attorney of the amount of expenses . . . incurred . . . in the performance of his official duties;

(d) Compensation received by the clerk of circuit court for work done for the United States government or for congress.

. . . .

(g) Reimbursement to county officers and employes for traveling expenses including food and lodging disbursed during the course of discharging the duties and functions of the particular position or office . . . .

. . . .

(9) In this section the term "county officer" means any elective officer whose salary or compensation is paid in whole or in part out of the county treasury, including salaries or compensation so paid for which compensation is made by the state.

WIS. STAT. § 59.15(1), (9) (1943) (emphasis added). Additionally, as Maloney recounted, under sub. (1), the

165

statute further contained provisions concerning only nonelected officials, which were then set forth separately under sub. (2) when the statute was revised.

¶ 19. Maloney's assessment of the revision, that it was undertaken primarily to reorganize the statute and remove inconsistencies or conflicts, appears accurate.[8] Whereas the original version referred first only to salaries, but then referenced various other sources of compensation, the revised version refers to compensation and then provides that such compensation includes the various other sources.

¶ 20. As our supreme court has observed, at least as recent as the 1920s, fringe benefits such as employer-paid pension and insurance contributions were excluded from the definition of "compensation." *State ex rel. City of Manitowoc v. Police Pension Bd.*, 56 Wis. 2d 602, 611–12a, 203 N.W.2d 74 (1973). The court explained that both salary and compensation historically had the same meaning because "the payment of cash for services rendered was the only form of compensation in general use." *Id.* at 611. Because here it appears likely the legislature's transition from the term salary to compensation was intended not to change the scope of protection afforded, but instead as part of a broader

---

[8] There remains significant room for improvement in the statute's clarity. While the old version explicitly stated that salary amounts could not be changed, the new version includes protection for fees. Of course, total annual compensation amounts for fees, including per diem and other forms of compensation for services rendered, cannot truly be set in advance, because such fees do not accrue until after the official has performed the concomitant services. No county board has the prescience to know the number of services with which an official will ultimately be tasked. Thus, in effect, total compensation only means a determinate salary plus permission, if any, to retain indeterminate fees.

attempt to clarify and harmonize the statute, it is also likely that the legislature intended compensation to retain its historical meaning: cash for services rendered. *See* Wis. Stat. § 990.001(7) ("A revised statute is to be understood in the same sense as the original unless the change in language indicates a different meaning so clearly as to preclude judicial construction."). The legislative history therefore supports our plain-language interpretation that Wis. Stat. § 59.22(1)(a) does not contemplate fringe benefits.

¶ 21. In summary, we conclude that Wis. Stat. § 59.22(1)(a)1.'s prohibition against increasing or diminishing certain elected county officials' compensation during the term of office does not preclude adjustments to fringe benefits. Rather, the statute expressly protects only salaries and fees. We agree with Cramer that the statute has laudable purposes, primarily, "preventing the influence of partisan bias or personal feeling [by] members of the [county] board in fixing the salary." *See Feavel v. City of Appleton*, 234 Wis. 483, 488, 291 N.W. 830 (1940) (quoting *Hull v. Winnebago Cnty.*, 54 Wis. 291, 293, 11 N.W. 486 (1882)). However, "[i]f, in view of modern day employment inducements, fringe benefits such as insurance premiums, pension fund contributions and perhaps others are to be included in the [compensation protection afforded to certain county elected officials], the legislature, as a matter of desirable public policy, can so provide. The court cannot." *See Police Pension Bd.*, 56 Wis. 2d at 612a.

*By the Court.*—Judgment reversed and cause remanded with directions.