[THE STATE, EX REL.] MANDERS, APPELLEE, *v.*
BD. OF TRUSTEES OF THE POLICE AND FIREMEN'S DISABILITY
AND PENSION FUND, APPELLANT.

THE STATE, EX REL. O'NEILL, APPELLEE, *v.*
BD. OF TRUSTEES OF THE POLICE AND FIREMEN'S DISABILITY
AND PENSION FUND, APPELLANT.

(Nos. 81-644 and 81-645—Decided November 25, 1981.)

*Clayman & Jaffy Co., L.P.A.,* and *Mr. Walter Kaufman,* for appellee Manders.

*Messrs. Boggins, Centrone & Bixler* and *Mr. Lemuel R. Green,* for appellee O'Neill.

*Mr. William J. Brown,* attorney general, and *Mr. Thomas W. Hess,* for appellant.

*Per Curiam.* The sole issue before the court is whether appellant is required to consider an application for permanent and total disability benefits filed by an individual who is receiving partial disability benefits from the fund.

Appellant contends that because R. C. 742.37 provides no procedure for changing an award of partial disability benefits to one for permanent and total disability benefits, it lacks authority to consider appellees' applications. In support, it relies on the general rule that a statutorily created board may not exceed the powers granted to it by statute. See, *e.g., Consumers' Counsel* v. *Pub. Util. Comm.* (1981), 67 Ohio St. 2d 153; *Cooke* v. *Kinney* (1981), 65 Ohio St. 2d 7.

R. C. 742.37(C)(2) provides in part: "A member of the fund who is permanently and totally disabled as the result of the performance of his official duties * * * *shall* be paid annual disability benefits * * * ." (Emphasis added.)

R. C. 742.01(E) defines "[m]ember of the fund" as " * * * any person who is contributing a percentage of his annual salary to the police and firemen's disability and pension fund created under section 742.02 of the Revised Code *or who is receiving a disability benefit or pension from such fund as a result of service in a police or fire department of a municipal corporation or township * * * .*" (Emphasis added.)

Thus, appellees are members of the fund within the purview of R. C. Chapter 742. The provisions of R. C. 742.37 (C)(2) are mandatory and require that the board pay permanent and total disability benefits when "[a] member of the fund * * * is permanently and totally disabled as the result of the performance of his official duties." Under these provisions, appellant has a clear legal duty to consider appellees' applications.

For the foregoing reason, the judgments of the Court of Appeals are affirmed.

*Judgments affirmed.*

CELEBREZZE, C. J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and KRUPANSKY, JJ., concur.