10

[The State, ex rel.] Dumas, Appellee, *v.* Bd. of Trustees of the Police and Firemen's Disability and Pension Fund et al., Appellants.

[Cite as Dumas *v.* Bd. of Trustees of Police & Firemen's Disability & Pension Fund (1986), 25 Ohio St. 3d 10.]

(No. 85-1648—Decided July 9, 1986.)

*Patrick A. D'Angelo,* for appellee.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Richard A. Green,* for appellants.

*Per Curiam.* Appellants argue first that because appellee is already receiving disability benefits he is no longer a "member of the fund" entitled to seek an increased disability award. This argument was addressed and rejected in *State, ex rel. Manders,* v. *Bd. of Trustees* (1981), 68 Ohio St. 2d 79 [22 O.O.3d 275]. In that case, retired members of the fund sought a

reconsideration of their partial disability awards claiming their conditions had worsened and they should be considered permanently and totally disabled. We held at 80:

"R.C. 742.01(E) defines '[m]ember of the fund' as '* * * any person who is contributing a percentage of his annual salary to the police and firemen's disability and pension fund created under section 742.02 of the Revised Code *or who is receiving a disability benefit or pension from such fund as a result of service in a police or fire department of a municipal corporation or township* * * *.' (Emphasis added.)

"Thus, appellees are members of the fund within the purview of R.C. Chapter 742. The provisions of R.C. 742.37(C)(2) are mandatory and require that the board pay permanent and total disability benefits when '[a] member of the fund * * * is permanently and totally disabled as the result of the performance of his official duties.' Under these provisions, appellant has a clear legal duty to consider appellees' applications."

Appellants now claim that R.C. 742.37(C)(9) overrides the definition contained in R.C. 742.01(E) and construed in *Manders.* R.C. 742.37(C)(9), at the time herein relevant, provided:

"Notwithstanding divisions (A), (B), and (C)(1) to (8) of this section, no person shall be eligible to receive a disability benefit or normal service pension benefit, or other benefit while contributing to the police and firemen's disability and pension fund; provided, however, that any person who applies for a normal service pension benefit or other benefit or is granted a disability benefit from the fund may elect to waive such benefit for the period in which he desires to remain in the active service of a municipal police or fire department or township fire department, and shall not be excluded from continued membership in the police and firemen's disability and pension fund. *Any person who elects to receive any benefit as enumerated above shall be barred from future membership in the police and firemen's disability and pension fund. However, nothing in this section shall prevent a person from continuing or resuming employment as an employee as that term is defined in division (C) of section 742.01 of the Revised Code.*" (Emphasis added.)

While this provision does present a potential contradiction, we agree with the court of appeals that it can only be construed to bar a claimant from becoming a contributing member of the fund in the future. It specifically excludes from its terms "employees" who are not contributing members of the fund and thus refers to a status of employment, rather than to retirement. Moreover, the interpretation advanced by appellants contradicts the board of trustees' own regulations which provide for the reconsideration of awards already granted. Ohio Adm. Code 742-3-05(C).

In their second proposition of law, appellants argue that a claimant may not seek an increase in a disability award based on a condition that was not the basis of his original award.

Ohio Adm. Code 742-3-05(C) provides, in relevant part:

"(C)   Post-retirement reconsideration

"(1)   A member who is receiving a partial disability benefit originally granted subsequent to January 1, 1967, under section 742.37 of the Revised Code, *who believes that deterioration of the disabling physical or mental condition has increased the amount of disability,* may apply for a reconsideration. Such application shall be on a form prepared by the fund. * * *" (Emphasis added.)

On its face, this regulation could be interpreted to only allow reconsideration of previous claims. However, R.C. 742.37(C), authorizing payment of benefits, provided in part:

"(2)   A member of the fund who is permanently and totally disabled as the result of the performance of his official duties as a member of a police or fire department of a municipal corporation or a fire department of a township, *shall* be paid annual disability benefits until death * * *.

"(3)   A member of the fund who is partially disabled as the result of the performance of his official duties as a member of a police or fire department of a municipal corporation or a fire department of a township, such disability preventing him from performing those duties and impairing his earning capacity, *shall* receive annual disability benefits. * * *" (Emphasis added.)

Assuming a claimant can establish the requisites for compensation under this statute, *i.e.,* that the disability occurred as the result of the performance of his official duties and/or prevents him from returning to those duties and impairs earning capacity, the statute authorizes compensation. Insofar as a regulation purports to decrease the benefits authorized by the statute it is invalid. See *State, ex rel. United Lutheran Church,* v. *Joseph* (1942), 139 Ohio St. 229, 241 [22 O.O. 241].

For this reason, the blanket proposition advanced by appellants lacks merit. Even the forms for reconsideration of claims provided by the board include space for itemizing conditions which have "developed or been discovered only since retirement."

Heart disease claims are governed by a special provision in R.C. 742.37(C)(4) which provides:

"A member of the fund who is disabled as a result of heart disease or any cardiovascular disease of a chronic nature or any respiratory disease of a chronic nature, which disease or any evidence of which disease was not revealed by the physical examination passed by the member upon entry into the department, is presumed to have incurred the disease while performing his official duties as a member of such department, unless the contrary is shown by competent evidence.

"*If such disability prevents the member from performing his official duties and impairs his earning capacity,* he shall be paid annual disability payments in accordance with division (C)(2) or (3) of this section.

"A member of the fund who applies for disability benefits as a result of heart disease or any cardiovascular disease of a chronic nature or any

respiratory disease of a chronic nature, which disease or any evidence of which disease was not revealed by the physical examination passed by the member upon entry into the department shall be examined by two physicians designated by the board of trustees of the police and firemen's disability and pension fund, one of whom may be the attending physician. Each examining physician shall submit a written report of his findings to the board." (Emphasis added.)

As a factual matter, it may be difficult to establish that a heart condition "prevents the member from performing his official duties" when it is discovered only after the member is already retired because of other disabilities. This does not justify a refusal to consider the claim, however.

In the case under review, no reason was cited for the denial, but it is apparent that the procedures for considering a heart disease claim — examination by two physicians chosen by the board — were not followed. Thus, we agree with the court of appeals' conclusion that the claim was not considered.

Lastly, appellants argue that the availability of declaratory judgment as a remedy to appellee precludes his entitlement to seek relief by way of mandamus. This argument lacks merit. While a remedy by way of declaratory judgment may preclude mandamus relief, it does not compel such a result. This court considered a similar claim by way of mandamus in *State, ex rel. Manders, supra.*

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.