OPINIONS OF THE SUPREME COURT OF OHIO
     The full texts of the opinions of the Supreme Court of
Ohio are being transmitted electronically beginning May 27,
1992, pursuant to a pilot project implemented by Chief Justice
Thomas J. Moyer.
     Please call any errors to the attention of the Reporter's
Office of the Supreme Court of Ohio.  Attention:  Walter S.
Kobalka, Reporter, or Deborah J. Barrett, Administrative
Assistant.  Tel.:  (614) 466-4961; in Ohio 1-800-826-9010.
Your comments on this pilot project are also welcome.
     NOTE:  Corrections may be made by the Supreme Court to the
full texts of the opinions after they have been released
electronically to the public.  The reader is therefore advised
to check the bound volumes of Ohio St.3d published by West
Publishing Company for the final versions of these opinions.
The advance sheets to Ohio St.3d will also contain the volume
and page numbers where the opinions will be found in the bound
volumes of the Ohio Official Reports.

The State ex rel. Richard, Appellee, v. Board of Trustees of
the Police and Firemen's Disability and Pension Fund, Appellant.
[Cite as State ex rel. Richard v. Bd. of Trustees of Police &
Firemen's Disability & Pension Fund (1994),          Ohio
St.3d              .]
Police and Firemen's Disability and Pension Fund -- Benefit and
     pension payments -- R.C. 742.37(C)(8) precludes a retiree
     who is already receiving maximum partial disability
     benefits pursuant to R.C. 742.37(C)(3) from applying for
     permanent total disability benefits under R.C.
     742.37(C)(2).
     (No. 93-2121 -- Submitted April 5, 1994 -- Decided June 8,
1994.)
     Appeal from the Court of Appeals for Franklin County, No.
92AP-1722.
     The Board of Trustees of the Police and Firemen's
Disability and Pension Fund, respondent-appellant, appeals from
a judgment by the Franklin County Court of Appeals granting
John E. Richard, relator-appellee, a writ of mandamus to compel
the board to consider his post-retirement application for
increased disability benefits.
     Appellee was employed by the Springfield, Ohio Police
Department from 1961 until 1983.  Appellee suffered injuries in
the course of his employment as a police officer and stopped
working on October 21, 1983.  In November 1983, appellee
applied for permanent total disability benefits from
appellant.  On February 1, 1984, appellant granted appellee
maximum partial disability retirement benefits which
represented approximately sixty-two percent of the average of
his three years of highest earnings.  Appellant's letter
notifying appellee of the grant further advised him that if his
disability deteriorated and rendered him unfit for gainful
employment in any occupation for which he was reasonably
suited, he could request that appellant change the grant from
partial to total disability.  Appellee has continued to receive
maximum partial disability benefits from appellant.
     In May 1992, appellee submitted to appellant a
post-retirement disability application to change his maximum

partial disability benefits to permanent total disability benefits. On June 25, 1992, appellant notified appellee that it would take no action on his application "because the law in effect at the time the application was submitted does not permit changing a maximum partial grant to a total disability grant." After appellee requested a review of appellant's decision, appellant reiterated on July 29, 1992 that it would not take any action.

Appellee then brought this mandamus action to compel appellant to consider the merits of his post-retirement disability application. The court of appeals granted appellee's requested mandamus relief.

This cause is now before this court upon an appeal as of right.

David M. Hollingsworth, for appellee.
Lee Fisher, Attorney General, and Doug S. Musick, Assistant Attorney General, for appellant.

Per Curiam. Appellant asserts in its sole proposition of law that the court of appeals erred in granting appellee a writ of mandamus since, pursuant to amended R.C. 742.37(C)(8), a member receiving maximum partial disability benefits under R.C. 742.37(C)(3) is not eligible for permanent total disability benefits under R.C. 742.37(C)(2). In order for a writ of mandamus to issue, a relator must demonstrate that (1) he or she has a clear legal right to the relief prayed for, (2) respondent is under a corresponding legal duty to perform the requested act, and (3) relator has no plain and adequate remedy in the ordinary course of law. State ex rel. Glass, Molders, Pottery, Plastics & Allied Workers Internatl. Union, Local 333, AFL-CIO, CLC v. State Emp. Relations Bd. (1993), 66 Ohio St.3d 157, 158, 609 N.E.2d 1266, 1267.

A member of the Police and Firemen's Disability Pension Fund who is partially disabled as the result of performing official duties may receive benefits if the disability prevents him from performing those duties and impairs his earning capacity. R.C. 742.37(C)(3). The board may increase or decrease such benefits whenever the impairment of the member's earning capacity warrants a change, but if the member has completed less than twenty-five years of active service in the department, the benefits paid shall not exceed sixty percent of his average salary. Id. Conversely, a member of the fund who is permanently and totally disabled as a result of the performance of official duties is entitled to benefits equal to seventy-two percent of his annual salary for the last year he was in active service. R.C. 742.37(C)(2).

Prior to July 24, 1986, i.e. at the time appellee was granted maximum partial disability benefits, appellant had a clear legal duty pursuant to former R.C. 742.37(C) to consider applications by fund members receiving partial disability benefits seeking permanent total disability benefits based upon a deterioration of their conditions. State ex rel. Manders v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund (1981), 68 Ohio St.2d 79, 22 O.O.3d 275, 428 N.E.2d 151; see, also, Dumas v. Bd. of Trustees of Police & Firemen's Disability & Pension Fund (1986), 25 Ohio St.3d 10, 25 OBR 8, 494 N.E.2d

1129.

On July 24, 1986, in apparent response to this court's decision in Manders, the General Assembly amended R.C. 742.37(C) to add the following language:

"With the exception of those persons receiving partial disability benefits under division (C)(3) of this section who may make application for increased benefits as provided in such division, no person receiving a pension or other benefit under division (C) of this section on or after the effective date of this amendment shall be entitled to apply for any new, changed, or different benefit."  141 Ohio Laws, Part III, 5583, amending R.C. 742.37(C)(9).

The current version of R.C. 742.37(C)(8), in effect at the time of appellee's application for permanent total disability benefits, similarly provides:

"With the exception of those persons who may make application for increased benefits as provided in division (C)(3) or (5) of this section or those persons who may make application for benefits as provided in section 742.26 of the Revised Code, no person receiving a pension or other benefit under division (C) of this section on or after July 24, 1986, shall be entitled to apply for any new, changed, or different benefit."

The court of appeals determined that R.C. 742.37(C)(8) "clearly excepts partial disability benefit recipients under R.C. 742.37(C)(3) from its general prohibition against application for any new, changed or different benefit" and that the "1986 legislative enactment clearly intended to continue to allow partial disability benefit recipients to upgrade their benefits if and when their medical condition worsened." Appellant asserts that the court's rationale was erroneous.  We agree.

In construing a statute, a court's paramount concern is the legislative intent in enacting the statute.  State v. S.R. (1992), 63 Ohio St.3d 590, 594, 589 N.E.2d 1319, 1323.  "In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished." Id. at 594-595, 589 N.E.2d at 1323.  Words used in a statute must be taken in their usual, normal or customary meaning. R.C. 1.42; Indep. Ins. Agents of Ohio, Inc. v. Fabe (1992), 63 Ohio St.3d 310, 314, 587 N.E.2d 814, 817.  It is the duty of the court to give effect to the words used and not to insert words not used.  S.R., supra, 63 Ohio St.3d at 595, 589 N.E.2d at 1323.  "Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation."  Cline v. Ohio Bur. of Motor Vehicles (1991), 61 Ohio St.3d 93, 96, 573 N.E.2d 77, 80.

R.C. 742.37(C)(8) provides that R.C. 742.37(C)(3) partial disability benefit recipients may apply for "increased benefits" only "as provided in division (C)(3) or (5)."  R.C. 742.37(C)(5) does not apply to appellee.  R.C. 742.37(C)(3) allows for an increase in benefits for members with appellee's years of active service in an amount not to exceed sixty percent of his average annual salary.  Since appellee is already receiving maximum partial disability benefits, the plain language of R.C. 742.37(C)(8) precludes his application

for permanent total disability benefits.  Consequently, the court of appeals erred in holding otherwise.  This interpretation comports with Ohio Adm. Code 742-3-05(C)(1), amended shortly after the 1986 amendment to R.C. 742.37(C), which provides that "[a] member who is receiving a less than maximum partial or off-duty disability and who believes that deterioration of the disabling physical or mental condition has increased the amount of disability, may apply for a reconsideration. ***"  (Emphasis added.)  See, also, Ohio Adm. Code 742-3-05(D).

Appellee claims that several troublesome issues raised before but never reached by the court of appeals would arise if we adopt appellant's interpretation of R.C. 742.37(C). Appellee first contends that R.C. 742.37(C)(8), so construed, would be an unconstitutionally retroactive law because it impairs his "vested right" to "apply for an increase in disability from partial to total."  The court of appeals relied upon its erroneous interpretation of R.C. 742.37(C)(8) to hold that appellee possessed a "vested right to apply for a change in benefits from partial disability to permanent total disability, which right may be exercised regardless of whether his initial award was for maximum partial disability or some lesser percentage."  (Emphasis sic.)

Section 28, Article II of the Ohio Constitution provides that the "general assembly shall have no power to pass retroactive laws * * *."  Every statute which takes away or impairs vested rights acquired under existing laws, or creates a new obligation, imposes a new duty, or attaches a new disability, with respect to transactions or considerations already past, is retroactive.  State ex rel. Matz v. Brown (1988), 37 Ohio St.3d 279, 281, 525 N.E.2d 805, 807, citing Soc. for the Propagation of the Gospel v. Wheeler (N.H.1814), 2 Gall. 105, 139.  As to appellee's claim that he had a vested right to apply for permanent total disability benefits, R.C. 742.46 provides:

  "The granting of a benefit or pension to any person under sections 742.01 to 742.49, inclusive, of the Revised Code, vests a right in such person to obtain and receive the amount of such benefit or pension granted to him subject to sections 742.01 to 742.49, inclusive, of the Revised Code.***" (Emphasis added.)

Pursuant to R.C. 742.46, the granting of partial disability benefits to appellee vested his right only to those benefits and not to a possible future increase.  Additionally, his vested right to even partial disability benefits is subject to R.C. 742.37(C)(8)'s prohibition against future applications for permanent total disability benefits.  Rights to a benefit or pension granted by R.C. 742.46 are vested only for those beneficiaries who are not subject to other provisions of R.C. Chapter 742.  State ex rel. Brunson v. Bedner (1971), 28 Ohio App.2d 63, 57 O.O.2d 124, 274 N.E.2d 565.  Therefore, appellee had no vested right to a change in benefits from partial disability to permanent disability.  Consequently, the 1986 amendment to R.C. 742.37(C) did not retroactively impair any vested right.

Although appellee's contentions on appeal in this regard are limited to his assertion that he had a vested interest in a

future application for permanent disability benefits, his lack of a vested right does not end the inquiry concerning the alleged retroactive nature of R.C. 742.37(C)(8). The definition of a retroactive statute set forth in Matz encompasses either impairing of a vested right or creating a new disability with respect to past transactions or considerations. State ex rel. Matz, supra, 37 Ohio St.3d at 281, 525 N.E.2d at 807. A subsequent enactment will not burden a past transaction or consideration in the constitutional sense, unless the past transaction or consideration created, if not a vested right, at least a reasonable expectation of finality. Id. at 281, 525 N.E.2d at 807-808. Maximum partial disability beneficiaries such as appellee have no reasonable expectation that their right to apply for different benefits would never be terminated by subsequent changes in the applicable law. To hold otherwise would mean that the General Assembly would never be able to limit some benefits in order to retain the solvency of financially strapped disability or retirement funds. Thus, R.C. 742.37(C)(8) is not unconstitutionally retroactive.

All legislative enactments must be afforded a strong presumption of constitutionality, and the party asserting that a statute is unconstitutional must prove this assertion beyond a reasonable doubt. State v. Collier (1991), 62 Ohio St.3d 267, 269, 581 N.E.2d 552, 553. Appellee failed to meet that burden here.

Appellee finally asserts that appellant's 1984 letter granting him maximum partial disability benefits also gave him the right to have appellant consider any future application for permanent total disability benefits. However, the language referred to by appellee correctly set forth the law as it applied to him prior to the 1986 amendment to R.C. 742.37(C). As noted previously, this did not confer any vested right upon appellee pursuant to R.C. 742.46. Moreover, there is no equitable estoppel against appellant since that doctrine generally requires actual or constructive fraud, see, e.g., Ohio State Bd. of Pharmacy v. Frantz (1990), 51 Ohio St.3d 143, 145, 555 N.E.2d 630, 633, and appellant did not misrepresent the law or mislead appellee concerning his rights. In other words, appellant did not advise appellee that there would never be a modification in the law that might affect his right to future benefits.

In sum, the manifest language of R.C. 742.37(C)(8) precludes a retiree who is already receiving maximum partial disability benefits pursuant to R.C. 742.37(C)(3) from applying for permanent total disability benefits under R.C. 742.37(C)(2). The court of appeals thus erred in granting appellee's request for a writ of mandamus.

Accordingly, the judgment of the court of appeals is reversed.

Judgment reversed.

Moyer, C.J., A.W. Sweeney, Douglas, Wright, Resnick and F.E. Sweeney, JJ., concur.

Pfeifer, J., dissents.