DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Phillip Kimble appeals from the decision rendered in the Lorain County Court of Common Pleas designating him to be a sexual predator. We affirm.
Following his guilty plea, Kimble was convicted and sentenced on December 28, 1990 for three counts of gross sexual imposition, in violation of R.C. 2907.05(A)(1), one count of gross sexual imposition, in violation of R.C. 2907.05(A)(3), and one count of rape, in violation of R.C. 2907.02(A)(2). In early 1997, the Department of Rehabilitation and Correction sent the trial court its recommendation that Kimble be adjudicated a sexual predator,[1] pursuant to R.C. 2950.09(C)(1), which provides:
 If a person was convicted of or pleaded guilty to a sexually oriented offense[2] prior to the effective date of this section,[3]
if the person was not sentenced for the offense on or after the effective date of this section, and if, on or after the effective date of this section, the offender is serving a term of imprisonment in a state correctional institution, prior to the offender's release from the term of imprisonment, the department of rehabilitation and correction shall determine whether to recommend that the offender be adjudicated as being a sexual predator. * * * If the department determines that it will recommend that the offender be adjudicated as being a sexual predator, it immediately shall send the recommendation to the court that sentenced the offender and shall enter its determination and recommendation in the offender's institutional record, and the court shall proceed in accordance with division (C)(2) of this section.
Having received the department's recommendation, a trial court cannot determine an offender to be a sexual predator unless, upon notice to the offender and his prosecutor, it holds a hearing. R.C. 2950.09(C)(2). At such a hearing, the offender and prosecutor have the opportunity to testify, present evidence, and call, examine, and cross-examine witnesses and expert witnesses regarding the determination of whether the offender is a sexual predator. Id. and R.C. 2950.09(B)(1). In making the determination, the judge is to consider:
(a) The offender's age;
 (b) The offender's prior criminal record, regarding all offenses, including, but not limited to, all sexual offenses;
 (c) The age of the victim of the sexually oriented offense for which the sentence [was] imposed;
 (d) Whether the sexually oriented offense for which sentence [was] imposed involved multiple victims;
 (e) Whether the offender used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 (f) If the offender previously has been convicted of or pleaded guilty to any criminal offense, whether the offender completed any sentence imposed for the prior ofense and, if the prior offense was a sex offense or a sexually oriented offense, whether the offender participated in available programs for sexual offenders;
 (g) Any mental illness or mental disability of the offender;
 (h) The nature of the offender's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 (i) Whether the offender, during the commission of the sexually oriented offense for which sentence [was] imposed, displayed cruelty or made one or more threats of cruelty;
 (j) Any additional behavioral characteristics that contribute to the offender's conduct.
R.C. 2950.09(C)(2) and 2950.09(B)(2). A trial court's determination that an offender is a sexual predator must be supported by clear and convincing evidence. R.C. 2950.09(B)(3).
On March 20, 1997, the trial court held a hearing to determine whether to adjudicate Kimble as a sexual predator. A police officer testified as to the facts surrounding the crimes Kimble committed. The trial court considered this testimony, a presentence evaluation done of Kimble, and a report from Psychiatric and Psychological Services stating that Kimble was not appropriate for treatment and that he had denied his involvement in these offenses. The trial court encapsulated its findings as follows:
 The evidence indicates that multiple victims were involved and that all offenses involve children, including at least one child less that [sic] thirteen years of age. The Court does consider the nature of the offenses in the Indictments. This Court further finds that the counts involve sexual conduct and sexual contact including the use of force and that Defendant has demonstrated a pattern of sexual abuse over a period of time. This Court further finds that Defendant, as the uncle of the victims, was in a position of authority.
Upon review of all evidence and the factors in R.C. 2950.09(B)(2), the trial court found by clear and convincing evidence that Kimble should be classified as a sexual predator.
A sexual predator is required to register with the county sheriff where he resides or is temporarily domiciled, R.C.2950.04, and then to verify his residential address every ninety days thereafter. R.C. 2950.06(B)(1). A sexual predator must fulfill these requirements for the rest of his life, or until such time as he is designated no longer to be a sexual predator. R.C.2950.07(B)(1). The sheriff, in turn, must notify neighbors of the sexual predator, along with certain other persons in the community, of his presence. R.C. 2950.10 and 2950.11.[4] The trial court acknowledged these requirements in its judgment entry determining Kimble to be a sexual predator.
Kimble appeals, assigning four errors, the sequence of which we rearrange for ease of discussion.
 I.
Kimble's fourth assignment of error states:
 THE TRIAL COURT'S ADJUDICATION OF MR. KIMBLE AS A SEXUAL PREDATOR VIOLATES ARTICLE ONE SECTION TEN OF THE UNITED STATES CONSTITUTION AND ARTICLE TWO SECTION TWENTY-EIGHT OF THE OHIO CONSTITUTION WHICH PROHIBITS THE ENACTMENT OF EX POST FACTO LAWS.
Kimble describes the registration and notification requirements imposed upon him as punishments applied retroactively to acts he committed prior to the establishment of the requirements. Kimble asserts that the registration and notification requirements violate Article I, Section 10 of the Federal Constitution, which provides that "[n]o State shall * * * pass any * * * ex post facto Law," and Article II, Section 28 of the Ohio Constitution, which provides that "[t]he general assembly shall have no power to pass retroactive laws." We bear in mind that a statute is presumed constitutional, and that a challenger must establish the contrary beyond a reasonable doubt. State exrel. Richard v. Bd. of Trustees of Police Firemen's Disability Pension Fund (1994), 69 Ohio St.3d 409, 413.
 A. Ex Post Facto Challenge Under the Federal Constitution
In Lynce v. Mathis (1997), 519 U.S. ___, 137 L.Ed.2d 63, 72, the United States Supreme Court stated:
 To fall within the ex post facto
prohibition, a law must be retrospective — that is "it must apply to events occurring before its enactment" — and it must disadvantage the offender affected by it" [Weaver v. Graham (1981), 450 U.S. 24, 29, 67 L.Ed.2d 17, 23], by altering the definition of criminal conduct or increasing the punishment for the crime, see Collins v. Youngblood, 497 U.S. 37, 50, 111 L.Ed.2d 30, 110 S.Ct. 2715 (1990).
For reasons set forth in State v. Lyttle (Dec. 22, 1997), Butler App. No. CA97-03-060, unreported, and Russell v. Gregoire
(C.A. 9 1997), 124 F.3d 1079, we conclude that the registration and notification requirements neither alter the definition of criminal conduct nor increase the punishment for the crime, and hence do not constitute an ex post facto law prohibited by the Federal Constitution.
Both the Twelfth District in Lyttle and the Ninth Circuit inRussell explored the jurisprudence of the United States Supreme Court with respect to ex post facto issues in cases involving post-sentence registration and notification regarding sex offenders. Both courts adopted the "intent-effects" test developed in United States v. Ursery (1996), 518 U.S. ___,135 L.Ed.2d 549, and Kansas v. Hendricks (1997), 521 U.S. ___,138 L.Ed.2d 501. The Ninth Circuit summarized the "intent-effects" test as follows:
 When examining whether a law violates the Ex Post Facto Clause, we inquire whether (1) the legislature intended the sanction to be punitive, and (2) the sanction is so "punitive" in effect as to prevent the court from legitimately viewing it as regulatory or civil in nature, despite the legislature's intent. The first part of the test ("intent") looks solely at the declared purpose of the legislature as well as the structure and design of the statute. The second part of the test ("effects") requires the party challenging the statute to provide "the clearest proof" that the statutory scheme is so punitive either in purpose or effect as to negate the State's nonpunitive intent.
(Footnote and citations omitted.) Russell v. Gregoire,124 F.3d at 1086-1087. We shall proceed with the same test.
 1. Legislative intent
"There is no indication that the General Assembly enacted R.C. Chapter 2950 with an intent to impose punishment." State v.Lyttle, supra. The General Assembly expressly declared that the exchange or release of information about sexual predators is intended to assure protection of the public and is not punitive. R.C. 2950.02(B). The statute sets forth six findings by the General Assembly that support its claim that the statute is non-punitive.[5] Clearly, the legislature did not intend the sexual predator designation to be punitive.
 2. Punitive Effect
Kimble offers only a general assertion that the declaration of him to be a sexual predator violates the federal constitutional prohibition of ex post facto laws. Hence he has failed to come forward with the "clearest proof" that the effect of the sexual predator law is so punitive that it overcomes the General Assembly's stated non-punitive intent. Nevertheless, we adopt Twelfth District's discussion of the matter, as follows:
 Appropriate factors to consider in gauging the punitive effects of a statute include:
 Whether the sanction involves an affirmative disability or restraint, whether it has historically been regarded as a punishment, whether it comes into play only on a finding of scienter, whether its operation will promote the traditional aims of punishment — retribution and deterrence, whether the behavior to which it applies is already a crime, whether alternative purposes to which it may rationally be connected is assignable for it, and whether it appears excessive in relation to the alternative purpose assigned are all relevant to the inquiry, and may often point in differing directions.
 Kennedy v. Mendoza-Martinez (1963), 372 U.S. 144, 168-69, 83 S.Ct. 554, 567-68, 9 L.Ed.2d 644. The Mendoza-Martinez list of considerations is "helpful" but is "certainly neither exhaustive nor dispositive." United States v. Ward (1980), 448 U.S. 242, 249, 100 S.Ct. 2636, 65 L.Ed.2d 742.
Lyttle, supra, at n. 12.
 Moreover, not all factors are equally weighted; the most important factor to consider is whether the law, "while perhaps having certain punitive aspects, serves important nonpunitive goals." [Ursery, 518 U.S. ___, 135 L.Ed.2d 549]
* * *
 Most importantly, Ohio's sexual predator law serves an important non-punitive goal: alerting the community to the presence of dangerous sexual offenders adjudged likely to offend again. * * * [T]he provisions here impose no affirmative restraint or disability.[6] There is also no element of scienter. See Hendricks,
[521 U.S. at ___, 138 L.Ed.2d at 501]
 [Appellant] compares the consequences of his classification as a sexual predator to `historical shaming punishments" like branding, whipping, the pillory, and banishment. This court, however, agrees with the federal Ninth Circuit that such an analogy is far from "`clear proof' of an overwhelming punitive effect." Russell, 124 F.3d at 1092. As the federal Third Circuit recently stated: "Public shaming, humiliation and banishment all involve more than the dissemination of information[.] Rather, these colonial practices inflicted punishment because they either physically held the person up before his or her fellow citizens for shaming or physically removed him or her from the community." [E.B. v. Verniero
(C.A. 3 1997), 119 F.3d 1077, 1099]. More over, historical analysis is not particularly helpful here because the classification and notification provisions can be compared to both punitive and non-punitive antecedents. See Russell at 1092. For example, Ohio's sexual predator law is comparable to non-punitive antecedents including the use of "wanted posters," quarantine restrictions, and the dissemination of potentially damaging information to regulatory agencies or associations. Id.
 This court recognizes that the sexual predator law may have a deterrent effect and that the law is tied to criminal activity, both attributes commonly associated with punishment. Deterrence can, however, serve both civil and criminal goals. Ursery [135 L.Ed.2d at 570] (citing Bennis v. Michigan (1996), 516 U.S. 442, 116 S.Ct. 994, 1000, 134 L.Ed.2d 68). This court also finds that the law does not implicate the other primary objective of punishment, retribution, "because it neither labels the offender as more culpable than before (though his or her culpability may be more widely publicized)[.]" Russell
at 1091. Moreover, the fact that the sexual predator law is linked to criminal activity is insufficient alone to render the sanction punitive. Ursery at ___, 116 S.Ct. at 2149.
Lyttle, supra. Weighing all the considerations it discussed, theLyttle court found the possible effects of the notification and registration provisions to be "not so punitive in fact that the law cannot be viewed as regulatory and non-punitive in nature."Id. We agree.
 B. Retroactivity Challenge under the Ohio Constitution.
A statute taking away or impairing vested rights acquired under existing laws, or creating a new obligation, imposing a new duty, or attaching a new disability, with respect to transactions or considerations already past, is retroactive in the sense of Article II, Section 28 of the Ohio Constitution. State ex rel.Matz v. Brown (1988), 37 Ohio St.3d 279, 281. Kimble does not provide argument to support this aspect of his assignment of error, and thus we may disregard it. App.R. 16(A)(7) and 12(A)(2). Nevertheless, we shall discuss whether the sexual predator designation attaches a new disability with respect to transactions or considerations already past, for that aspect of retroactivity analysis strikes closest to Kimble's more general assertion that the sexual predator designation is an ex post facto
law.
A new disability is not attached to a past consideration or transaction unless the past consideration or transaction created at least "a reasonable expectation of finality." State ex rel.Matz v. Brown (1988), 37 Ohio St.3d at 281. The Ohio Supreme Court has declared:
 Except with regard to constitutional protections against ex post facto laws * * * felons have no reasonable right to expect that their conduct will never thereafter be made the subject of legislation.
 There are important public policy reasons for so holding. For example, if relator's theory were to prevail no person convicted of abusing children could be prevented from school employment by a later law excluding such persons from that employment.
Id. at 281-282.
Since Kimble had no reasonable expectation that his felonious conduct would never thereafter be made the subject of legislation, no new disability was attached to any past transaction or consideration within the meaning of the Ohio Constitution's prohibition of retroactive laws. See, also, State v. Bartis (Dec. 9, 1997), Franklin App. No. 97APA05-600, unreported; but see Statev. Cook (Aug. 7, 1997), Allen App. No. 1-97-21, unreported. Kimble's fourth assignment of error is overruled.
 II.
Kimble's second assignment of error states:
 THE TRIAL COURT'S ADJUDICATION OF MR. KIMBLE AS A SEXUAL PREDATOR VIOLATES MR. KIMBLE'S RIGHT TO A TRIAL BY JURY GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION TEN OF THE OHIO CONSTITUTION.
An accused's right to trial by jury is guaranteed by theSixth Amendment to the United States Constitution[7] and Article One, Section Ten of the Ohio Constitution.[8] The sexual predator designation is not a criminal offense of which a person stands accused. As our discussion of Kimble's fourth assignment of error demonstrates, punishment does not follow from the sexual predator designation. Therefore, an accused person's constitutional rights to a jury trial have no application to Kimble's designation as a sexual predator. Kimble's second assignment of error is overruled.
 III.
Kimble's first assignment of error states:
 THE TRIAL COURT'S ADJUDICATION OF MR. KIMBLE AS A SEXUAL PREDATOR VIOLATES MR. KIMBLE'S RIGHTS TO DUE PROCESS OF LAW AS GUARANTEED BY THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTIONS TEN AND SIXTEEN OF THE OHIO CONSTITUTION.
Kimble asserts that the trial court's classification of him as a sexual predator "substantially violates his rights to procedural due process of law," and that the statute "has imposed `sanctions' on Mr. Kimble paramount [sic] to the deprivation of a liberty interest in violation of his constitutionally guaranteed rights to due process." The closest he comes to arguing in support of these assertions is his statement that "violation of the administrative or procedural mandates imposed on a `sexual predator' give [sic] rise to a new punishable offense without indictment and without the constitutional protection of a trial by jury or other constitutionally mandated rights to procedural due process."
Presumably, Kimble refers to R.C. 2950.99, which sets forth criminal liability for those who violate the prohibitions in R.C.2950.04 (duty to register), 2950.05 (registration of new address), or 2950.06 (periodic verification of current address). If so, Kimble's "argument" is nonsensical, as Kimble has not been subjected to R.C. 2950.99, and nothing in the provision exempts its application from lawful and constitutional processes of criminal prosecution. Kimble's first assignment of error is overruled.
 IV.
Kimble's third assignment of error states:
 THE TRIAL COURT ERRED BY ADJUDICATING MR. KIMBLE A SEXUAL PREDATOR WITHOUT COMPORTING WITH RULE 11 OF THE OHIO RULES OF CRIMINAL PROCEDURE.
Kimble argues that his designation as a sexual predator constitutes a "sanction" of which he was not aware when he pled guilty to sex offenses on October 5, 1990. Thus, he argues, he did not enter this plea knowingly, voluntarily, and intelligently with respect to the full range of sanctions to which he would be exposed.
Kimble appeals from the trial court's order of March 20, 1997, designating him as a sexual predator. That order did not decide the issue — the validity of his guilty plea — that Kimble assigns as error. "It follows that, if an issue was not decided, it could not have been decided in error." State v. Falatok (April 30, 1997), Summit App. No. 17998, unreported, at 6. Kimble's third assignment of error is overruled.
Kimble's four assignments of error are overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Lorain Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _______________________________ WILLIAM R. BAIRD
FOR THE COURT
DICKINSON, P. J.
SLABY, J. CONCUR
[1] "`Sexual predator' means a person who has been convicted of or has pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses." R.C. 2950.01(E).
[2] The definition of "sexually oriented offense" includes, but is not limited to, the crimes for which Kimble was convicted. See R.C. 2950.01(D)(1).
[3] R.C. 2950.09, enacted as part of Am.Sub.H.B. No. 180, became effective on January 1, 1997.
[4] R.C. 2950.04, 2950.06, 2905.10, and 2905.11 were enacted as part of Am.Sub.H.B. No. 180 and became effective on July 1, 1997.
[5] (A) The general assembly hereby determines and declares that it recognizes and finds all of the following:
 (1) If the public is provided adequate notice and information about sexual predators, * * * members of the public and communities can develop constructive plans to prepare themselves and their children for the sexual predator's * * * release from imprisonment, a prison term, or other confinement. This allows members of the public and communities to meet with members of law enforcement agencies to prepare and obtain information about the rights and responsibilities of the public and the communities and to provide education and counseling to their children.
 (2) Sexual predators * * * pose a high risk of engaging in further offenses even after being released from imprisonment, a prison term, or other confinement and that protection of members of the public from sexual predators * * * is a paramount government interest.
 (3) The penal and mental health components of the justice system of this state are largely hidden from public view, and a lack of information from either component may result in the failure of both systems to satisfy this paramount government interest of public safety described in division (A)(2) of this section.
 (4) Overly restrictive confidentiality and liability laws governing the release of information about sexual predators * * * have reduced the willingness to release information that could be appropriately released under the public disclosure laws and have increased risks of public safety.
 (5) A person who is found to be a sexual predator * * * has a reduced expectation of privacy because of the public's interest in public safety and the effective operation of government.
 (6) The release of information about sexual predators * * * to public agencies and the general public will further the governmental interests of public safety and public scrutiny of the criminal and mental health systems as long as the information released is rationally related to the furtherance of those goals.
[6] In Russell v. Gregoire, 124 F.3d at 1092, the court upheld as non-punitive the notification provisions of Washington State's Community Protection Act, whereby public agencies are authorized to release "relevant and necessary information" regarding the worst sex offenders to schools within the federal census tract in which the offender resides, and to Block Watch Captains within that and adjoining census tracts. Id. at 1082. For the most serious offenders, notification forms, providing the offender's picture, name, age, date of birth, a summary of his crime, and the general vicinity of his residence, are distributed to local news media. Id. at 1082-1083. The court conceded that "[n]otification may well subject offenders to humiliation, public opprobrium, ostracism, and the loss of job opportunities," but insisted that "courts must presume that law enforcement will obey the law and will protect offenders from vigilantism." (Citation omitted) Id. at 1092.
[7] "In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed[.]"
[8] "In any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county in which the offense is alleged to have been committed."