I agree that the trial court correctly denied Fields' petition for postconviction relief, because it was barred by res judicata
and otherwise failed to demonstrate that there were substantive grounds for relief. I therefore concur with Section II of the majority's opinion in which it holds that Fields' petition failed on the merits.
But I respectfully disagree with the majority's conclusion in Section I that Fields' petition was untimely. I am not convinced that Fields' petition was untimely under the statute as it iswritten.
Effective September 21, 1995, S.B. No. 4 established filing deadlines for petitions for postconviction relief. R.C.2953.21(A)(2), as amended by S.B. No. 4, provides:
 A petition under division (A)(1) of this section shall be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction or adjudication or, if the direct appeal involves a sentence of death, the date on which the trial transcript is filed in the supreme court. If no appeal is taken, the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal. (Emphasis added.)
§ 3 of S.B. No. 4 provided:
 A person who seeks postconviction relief pursuant to sections 2953.21 through 2953.23 of the Revised Code with respect to a case in which sentence was imposed prior to the effective date of this act or to an adjudication as a delinquent child and order of disposition issued prior to the effective date of this act shall file a petition within the time required in division (A)(2) of section 2953.21 of the Revised Code, as amended by this act, or within one year from the effective date of this act, whichever is later.
§ 3 clearly served as a mechanism to phase in the filing deadlines implemented by R.C. 2953.21(A)(2). Thus any person convicted before September 21, 1995 had to file a petition for postconviction relief either within the filing deadlines established under R.C. 2953.21(A)(2) or by September 23, 1996, whichever is later.[1] Since Fields' petition plainly was not filed by September 23, 1996, the issue is whether he filed his petition within the time required in R.C. 2953.21(A)(2).
When construing a statute, a court's paramount concern is the legislative intent in enacting the statute as discerned by examining the language employed by the General Assembly. State exrel. Richard v. Bd. of Trustees of Police Firemen's Disability Pension Fund (1994), 69 Ohio St.3d 409, 411. The words used in a statute must be taken in their usual, normal or customary meaning and we must give effect to the words used without inserting words not used. Id., at 412.
When the General Assembly employs terms that, unless otherwise restricted, encompass a panoply of legally recognized relief, we must take those terms in their inclusive sense. Thus in Rice v.CertainTeed Corp. (1999), 84 Ohio St.3d 417, the court held that the General Assembly's use of the term "damages" under R.C.4112.99 could not be construed to exclude the recovery of punitive damages. The court explained:
 "Damages," absent a restrictive modifier like "compensatory," "actual," "consequential" or "punitive," is an inclusive term embracing the panoply of legally recognized pecuniary relief. Thus, CertainTeed's contention that "damages" as used in the statute does not encompass punitive damages works only if we presume imprecision on the General Assembly's part. The notion that the General Assembly carefully and precisely used the word "damages" to segregate out compensatory damages seems entirely fanciful.
Rice, 84 Ohio St.3d at 419.
Viewed under these rules, R.C. 2953.21(A)(2) provides for two time schedules, one if a "direct appeal" is taken and a shorter one if "no appeal" is taken. Twice, the statute specifies a "direct appeal" and then, speaks generally of no appeal. By providing for only these two categories, the statute implies they are mutually exclusive, at least in a postconviction relief matter. By the first sentence of R.C. 2953.21(A)(2), the 180-day period of time to file the petition clearly begins to run upon the filing of the transcript in the "direct appeal of the judgment of conviction." The statute does not restrict the "direct appeal" to an appeal as of right under App.R. 4(A), to the exclusion of a delayed appeal under App.R. 5(A). Absent such a limitation, a "delayed appeal" under App.R. 5(A) is still a "direct appeal of the judgment of conviction.
I therefore cannot agree with the majority that a "delayed appeal" should be treated as if "no appeal is taken," under the second sentence of R.C. 2953.21(A)(2). The second sentence plainly governs when the defendant forgoes any direct appeal and proceeds directly with postconviction relief. Because the statute does not expressly exclude a delayed appeal, we must take the plain meaning of the words and assume that a delayed appeal is an appeal and therefore cannot be considered "no appeal." As the saying goes, "if it walks like a duck. . . ." The second sentence, therefore, cannot apply to the case at bar.
Here, a direct appeal, albeit delayed, was taken. The court record for Case No. 70751 reflects that the record included an App.R. 9(B) file and transcript and that the record was filed on September 18, 1996. Fields' petition for postconviction relief was filed on March 17, 1997. There is no dispute that Fields' petition was filed on the 180th day after his delayed appeal transcript was filed in the court of appeals. Thus Fields filed his petition within the deadline of the statute as it is written.
I have no disagreement with the majority that the apparent object of this legislation was to establish deadlines for filing petitions for postconviction relief where none existed before. But I cannot agree that Fields' filing was not within the deadline of the statute as it is written. Fields filed his petition within one hundred eighty days after the date on which the trial transcript was filed in the court of appeals in the direct appeal of his judgment of conviction.
But even if Fields' petition were considered timely, I am in full agreement with the remainder of the majority's decision holding that Fields was not entitled to postconviction relief on the merits. Accordingly, I respectfully concur.
[1] "Because September 21, 1996 fell on a Saturday, the filing deadline was extended to September 23, 1996. State v. Saylor
(1997), 125 Ohio App.3d 633.