JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Michael Eiland ("Eiland"), appeals his conviction for transporting solid waste without a tarp in violation of Cleveland Codified Ordinance (C.C.O.) 551.18. Finding no merit to the appeal, we affirm.
 {¶ 2} On April 19, 2008, Eiland and Marvel Davis ("Davis") loaded Eiland's pickup truck with a stove, exercise bike, air conditioner, pipes, and bed frames. Davis testified that they picked up these items from an acquaintance who no longer wanted them. They were driving on East 128th Street when Cleveland police officer, Jose Torres ("Torres"), noticed that the load Eiland was transporting was not secured and there was no tarp covering the load. As a result, Torres conducted a traffic stop and cited Eiland for transporting solid waste without a license in violation of C.C.O. 551.19 and transporting solid waste without a tarp in violation of C.C.O. 551.18. Torres testified that Eiland told him that he was "driving around" on a Saturday morning and picked up these items from various tree lawns.
 {¶ 3} The matter proceeded to a bench trial, where Eiland was found guilty of transporting solid waste without a tarp.[1] The court fined Eiland $50 and assessed court costs. Eiland moved to stay the execution of his sentence. *Page 4 
The trial court denied the motion, but this court granted his motion to stay the sentence pending appeal.
 {¶ 4} Eiland raises two assignments of error in his appeal. In the first assignment of error, he argues that there is insufficient evidence to convict him of transporting solid waste without a tarp. In the second assignment of error, he argues that the trial court erroneously interpreted C.C.O. 551.01(c). We will discuss these assignments of error together, as they are interrelated.
 {¶ 5} The standard of review for the sufficiency of evidence is set forth in State v. Bridgeman (1978), 55 Ohio St.2d 261, 381 N.E.2d 184, syllabus, which states:
 "Pursuant to Crim. R. 29(A), a court shall not order an entry of judgment of acquittal if the evidence is such that reasonable minds can reach different conclusions as to whether each material element of a crime has been proved beyond a reasonable doubt."
See also, State v. Apanovitch (1987), 33 Ohio St.3d 19, 23,514 N.E.2d 394; State v. Davis (1988), 49 Ohio App.3d 109, 113, 550 N.E.2d 966.
 {¶ 6} Bridgeman must be interpreted in light of the sufficiency test outlined in State v. Thompkins, 78 Ohio St.3d 380, 1997-Ohio-52,678 N.E.2d 541 and State v. Jenks (1991), 61 Ohio St.3d 259, 574 N.E.2d 492. A challenge to the sufficiency of the evidence supporting a conviction requires a court to determine whether the State has met its burden of production at trial. Thompkins. *Page 5 
 {¶ 7} On review for sufficiency, courts are to assess not whether the State's evidence is to be believed, but whether, if believed, the evidence against a defendant would support a conviction. Id. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. Jenks at paragraph two of the syllabus.
 {¶ 8} In the instant case, Eiland was convicted of transporting solid waste without a tarp in violation of C.C.O. 551.18(a), which provides in pertinent part:
 "In order to prevent the spilling of waste, no person shall use *** a vehicle to convey *** solid waste, unless such vehicle is equipped with a canvass cover that is securely fastened to such vehicle so as to completely cover all of the material contained therein at all times, except when the contents are being loaded or unloaded."
 {¶ 9} Solid waste is defined in C.C.O. 551.01(c) as:
 "such unwanted residual solid or semisolid material as results from industrial, commercial, agricultural, household, community and private operations ***. Such material shall be deemed to include, but not be limited to, garbage, rubbish (both combustible and noncombustible), street dirt, debris, ashes, any discarded matter to be removed from public and private properties and other like substances which may be harmful or inimical to public health, as well as other items determined to be solid waste by the Director of Public Service."
 {¶ 10} Eiland claims that there is insufficient evidence to convict him of transporting solid waste without a tarp because the City of Cleveland ("City") failed to establish that the bed frames, stove, pipes, air conditioner, and exercise bike were "solid waste." He further argues that the items were not "unwanted" *Page 6 
because Davis wanted the exercise bike and someone else wanted the stove. We find this argument unpersuasive.
 {¶ 11} When interpreting a statute, "a court's paramount concern is the legislative intent in enacting the statute. In determining legislative intent, the court first looks to the language in the statute and the purpose to be accomplished. Words used in a statute must be taken in their usual, normal or customary meaning. It is the duty of the court to give effect to the words used and not to insert words not used. Where the language of a statute is plain and unambiguous and conveys a clear and definite meaning, there is no need to apply rules of statutory interpretation." State ex rel. Richard v. Bd. of Trustees of the Police Firemen's Disability Pension Fund, 69 Ohio St.3d 409, 411-412,1994-Ohio-126, 632 N.E.2d 1292. (Internal citations and quotations omitted.)
 {¶ 12} When C.C.O. 551.01(c) is read as a whole, it is clear that solid waste includes unwanted solid material from a household. Furthermore, the material is "unwanted" at that point from its original owner, not in the sense that no other person wants it, as Eiland contends.
 {¶ 13} In the instant case, Eiland admitted that he picked up the items from various tree lawns while driving around on a Saturday morning. Davis, on the other hand, testified that they took the items from Eiland's acquaintance who no longer wanted them. Although the testimony conflicts with regard to where the items were retrieved, it is clear in either version that the items were *Page 7 
unwanted by the original owner. Thus, the items in Eiland's truck constituted solid waste as defined by C.C.O. 551.01(c). Having found that the items constituted solid waste, we conclude that there was sufficient evidence to find that Eiland violated C.C.O. 551.18 when he transported these items without a tarp.[2]
 {¶ 14} Eiland also argues that the court erroneously interpreted the facts of his case because the items in his truck were not obtained from various tree lawns but were given to Eiland by an acquaintance. In support of his argument, he relies on the court's rationale for denying his Crim. R. 29 motion on the charge under C.C.O. 551.18 after the City presented its case. However, at that point, Torres was the only individual who had testified, and he stated that Eiland told him he picked up the items from various tree lawns.
 {¶ 15} At the end of the trial, however, Eiland renewed his Crim. R. 29 motion with respect to the C.C.O. 551.18 charge. At that point, the court focused on Davis's testimony that the items in the truck were unwanted by Eiland's acquaintance. Therefore, we find that the court did not misunderstand the facts of the case as Eiland contends. *Page 8 
 {¶ 16} Accordingly, the first and second assignments of error are overruled.
 Judgment is affirmed.
 It is ordered that appellee recover of appellant costs herein taxed.
 The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the municipal court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
PATRICIA A. BLACKMON, J., AND MARY J. BOYLE, J., CONCUR.
[1] The court dismissed the transporting solid waste without a license (C.C.O. 551.19) charge pursuant to Eiland's Crim. R. 29 motion.
[2] See, also, State v. Shira (Dec. 11, 1992), Trumbull App. No. 92-T-4684. In Shira, the appellant (David Shira), had the following items accumulated on his property: wooden pallets, buckets, bottles, wooden crates, plastic pails, old furniture, a truck cap, and an old car. Shira argued that the items on his property did not constitute solid waste because they were not "unwanted." However, the court in interpreting a definition analogous to the definition in C.C.O. 551.01(c), found that the items were "unwanted" solid waste and affirmed Shira's conviction. *Page 1