*411 Cupp, J.,
concurring.
{¶ 60} Plaintiffs’ claims arise out of troubling circumstances. These circumstances involve an adult soccer coach engaging in criminal conduct by abusing his position of authority and having a sexual relationship with a 13-year-old, who was a player on his soccer team. When the minor became pregnant through this illicit relationship, the coach convinced her to have an abortion. He directed and guided her in a scheme to obtain the abortion without notice to, or the knowledge of, the minor’s parents, as the majority opinion details. The abortion took place at the clinic of Planned Parenthood Southwest Ohio Region.
{¶ 61} The parents of the minor now seek to establish through their lawsuit that Planned Parenthood facilitated the unlawful abortion by breaching its statutory duties of reporting suspected child abuse, of notifying a parent and obtaining consent, and of obtaining the minor’s informed consent.
{¶ 62} The Roes seek compensatory and punitive damages. To gather the needed facts and information to establish their claim, the Roes also seek through discovery to compel Planned Parenthood to provide the abuse reports and medical records of nonparties. The underlying circumstances of this case are deeply troubling. However, a court of law is duty-bound to resolve the legal issues before it by applying the law in the same manner in which it would apply the law to cases with less disturbing facts but involving the same legal issues.
{¶ 63} In reviewing the language of the statutory provisions underlying claims for relief, courts are constrained to “look to the statutory language and the ‘purpose to be accomplished.’ ” Rice v. CertainTeed Corp. (1999), 84 Ohio St.3d 417, 419, 704 N.E.2d 1217, quoting State ex rel. Richard v. Bd. of Trustees of the Police & Firemen’s Disability & Pension Fund (1994), 69 Ohio St.3d 409, 411, 632 N.E.2d 1292. “Words used in a statute must be taken in their usual, normal or customary meaning * * * [and] it is the duty of the court to give effect to the words used and not to insert words not used.” State ex rel. Richard, 69 Ohio St.3d at 412, 632 N.E.2d 1292.
{¶ 64} As the majority opinion explains, former R.C. 2151.421, 2006 Sub.S.B. No. 238, plainly does not permit a private plaintiff to obtain civil damages for the failure of a person to comply with the statute’s reporting requirements for suspected child abuse. The parties also do not contest that the text of former R.C. 2151.421 does not explicitly provide for recovery of civil damages. Instead, the statute expressly provides criminal penalties as the remedy for a violation of the statutory reporting duties. R.C. 2151.99(A). Because the statute does not authorize civil damages, we may not judicially insert words to permit a remedy the statute plainly does not provide.
*412 {¶ 65} The same analysis is applicable to plaintiffs’ claims for access to the abuse reports and medical records of other persons who are not parties to this action. Under former R.C. 2151.421(H), the version in effect when the conduct giving raise to this action occurred, such abuse and medical reports are confidential, and as the majority opinion states, no exception is provided in the statute for the discovery of abuse reports of nonparties to the civil action. Moreover, the balancing-of-interests test in Biddle v. Warren Gen. Hosp. (1999), 86 Ohio St.3d 395, 715 N.E.2d 518, paragraph two of the syllabus, is unavailing to plaintiffs. The Biddle balancing test applies only to claims for damages from unauthorized release of confidential medical records and not to the circumvention of restrictions on the confidentiality of unreleased records.
{¶ 66} The legislature has, subsequent to the filing of plaintiffs suit, amended the controlling statutes to provide most of the relief that plaintiffs now seek from this court. However, those amendments cannot be applied to this case. As the majority opinion correctly analyzes, the substantive amendment, R.C. 2151.421(M), cannot be applied without creating an unconstitutional retroactive impact, and the remedial provision, R.C. 2151.421(H), which would permit plaintiffs access to the abuse reports of nonparties they seek, is restrictively drafted. R.C. 2151.421(H) is expressly linked to the substantive provision, which may not constitutionally be applied to the present case.
{¶ 67} In the final analysis, then, plaintiffs can be granted the results they seek in this court only if we judicially amend the child-abuse-reporting and the patient-physician-privilege statutes or disregard the constitutional prohibition on retroactive substantive legislation.
{¶ 68} To do so, however, would be to step across the line that marks the boundary of authority that our constitutional system of separation of powers has allocated to the judiciary. That is a step we may not properly take.
{¶ 69} I concur.
Lanzinger, J., concurs in the foregoing opinion.