DECISION
{¶ 1} Lisa Foster is pursuing a set of appeals from the decision of the Ohio Police Fire Pension Fund to deny an increase in her disability status from partial disability to permanent total disability. The trial court granted summary judgment to the City of Trotwood on May 6, 2008. The entry journalizing that motion was filed on the same day. The trial court had earlier filed a decision granting judgment to the Ohio Police Fire *Page 2 
Pension Fund. That decision was journalized via an entry filed June 5, 2008. An appeal from the trial court was filed on June 6, 2008. The appeal was timely.
 {¶ 2} The Ohio Police Fire Pension Fund has filed a motion to dismiss the appeal, alleging that counsel for Lisa Foster has failed to prosecute the appeal promptly and/or correctly. Counsel for Lisa Foster filed a notice of appeal from "the Court's Order dismissing her case entered herein in the captioned case on May 27, 2008." The record before us contains no entry dated May 27, 2008. Counsel for Lisa Foster did not sign the certificate of service on the notice of appeal. Counsel also did not sign the docketing statement. However, the notice of appeal indicated that the appeal was from the dismissal of Lisa Foster's lawsuit, which indirectly indicates the dismissals journalized May 6, and June 5, 2008.
 {¶ 3} Counsel for Lisa Foster filed a brief on July 7, 2008, but the brief did not include a copy of the trial court's judgment or judgments. A judge of this appellate court journalized an entry directing counsel to correct the mistake and indicated the brief of appellant would be stricken if counsel did not do so. Counsel filed a motion requesting leave to correct the deficiency and provided a copy of the final judgment entry journalized June 5, 2008. A judge of this court granted the motion. The June 5, 2008 entry made the two dismissals final appealable orders.
 {¶ 4} The original notice of appeal was inaccurate. It should have listed both documents granting judgment to a named defendant, instead of a non-existent judgment entry date. However, the intent to appeal the granting of judgment adverse to Lisa Foster has always been apparent. The motion to dismiss this appeal is overruled in this case under those circumstances. However, dismissal would be justifiable. *Page 3 
 {¶ 5} Turning to the merits of the trial court's judgment, counsel for Lisa Foster has listed four "issues presented to the court," which we construe as assignments of error:
 1. THE TRIAL COURT ERRED BY GRANTING THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT UNDER OHIO RULE OF CIVIL PROCEDURE 56 WHEN GENUINE ISSUES OF MATERIAL FACT REMAIN AS TO WHETHER THE APPELLANT SHALL RECEIVE ADDITIONAL DISABILITY PENSION BENEFITS.
 2. THE TRIAL COURT'S [sic] ERRED IN ITS APPLICATION OF MANDAMUS WHEN APPELLANT HAS DEMONSTRATED A BASIS FOR MEETING THE THRESHOLD FOR RECONSIDERATION OF ENTITLEMENT OF BENEFITS.
 3. THE TRIAL COURT ERRED WHEN IT DENIED AND/OR REJECTED APPELLANT'S CLAIM PLAINTIFF'S VESTED RIGHT TO SEEK AN INCREASE FROM "PARTIAL" TO "TOTAL" DISABILITY EXISTS UNDER R.C. § 742 et seq. UNDER ARTICLE 2 OF THE OHIO CONSTITUTION, § 28.
 4. THE TRIAL COURT ERRED WHEN IT SUMMARILY DENIED APPELLANT'S ENTITLEMENT TO PERMANENT BENEFITS BASED UPON CIRCUMSTANCES, WHICH CAUSE THE LIMITATIONS OF THE RECEIPT OF BENEFITS.
 {¶ 6} The complaint which initiated this case in the court of common pleas is entitled "Complaint for Judicial Declaration for Plaintiff's Receipt of Ohio Police Fire Pension Fund." The complaint was not initially pled as an action in mandamus, but pled more along the lines of a declaratory judgment action, accompanied by a request for judgment for retirement benefits, plus interest and attorney fees. The complaint alleged that Lisa Foster's disability rights should have been determined as of the date she was hired, not the date she was injured — the provision of R.C. 742.39 notwithstanding. *Page 4 
 {¶ 7} After a motion for a definite statement was filed, counsel for Lisa Foster modified the complaint to convert it to an action in mandamus. The summary judgments were granted with respect to the complaint as an action in mandamus.
 {¶ 8} Turning to the assigned errors, contrary to the allegations in the body of the first assigned error, there are no issues of material fact. Lisa Foster was injured. She applied for and was granted the maximum allowable amount of partial disability — 60 percent. R.C. 742.38(D)(5) and 742.39(B) prevent sums greater than the award she received and prevent converting a partial disability case into a permanent total disability case. While at one time, the Supreme Court of Ohio ruled the applicable statute allowed a conversion from partial to permanent total disability, the legislature responded by blocking such conversion. See State ex rel. Manders v. Bd. of Trustees (1981),68 Ohio St.2d 79, and State ex rel. Richard v. Bd. of Trustees (1994),69 Ohio St.3d 409, respectfully.
 {¶ 9} The facts which are actually material are not in dispute. The law is adverse to Lisa Foster's condition and situation.
 {¶ 10} The first assignment of error is overruled.
 {¶ 11} Because the legislature has blocked the relief being sought, no clear legal duty to increase Lisa Foster's disability benefits exists. Since no duty to modify the benefits exist, a writ of mandamus cannot be granted. See State ex rel. Richard v. Bd. of Trustees, idem.
 {¶ 12} The second assignment of error is overruled.
 {¶ 13} In the third assignment of error, counsel for Lisa Foster argues that her rights were fixed as of a time prior to the legislature's overruling of Manders, supra. The *Page 5 
Supreme Court of Ohio has rejected that argument in Richard, supra. We are not at liberty to accept an argument which the Supreme Court of Ohio has clearly rejected.
 {¶ 14} The third assignment of error is overruled.
 {¶ 15} The fourth assignment of error seems to assert in general terms that the Ohio Police Fire Pension Fund could somehow grant increased benefits despite the clear statutory prohibition. We see no way around the legislature's mandates.
 {¶ 16} The fourth assignment of error is overruled.
 {¶ 17} All four assignments of error having been overruled, the judgment of the
Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
KLATT and T. BRYANT, JJ., concur.
T. BRYANT, J., retired, of the Third Appellate District, assigned to active duty under the authority of Section 6(C), Article IV, Ohio Constitution.